**Docket No. 24-165**

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

KELLY CAHILL, et al.,

*Plaintiffs-Appellees,*

v.

NON-PARTY MEDIAL ORGANIZATIONS INSIDER INC.
d/b/a BUSINESS INSIDER, et al.,

*Non-Party Media Orgs.-Appellees,*

NIKE, INC.,

*Defendant-Appellant.*

_____

Appeal from a Decision of the United States District Court for the District of Oregon,
No. 3:18-cv-01477-JR · Honorable Marco A. Hernández

**DEFENDANT-APPELLANT NIKE INC.'S
MOTION FOR LEAVE TO FILE PORTIONS OF
THE EXCERPTS OF RECORD UNDER SEAL**

DANIEL PRINCE, CA Bar No. 237112
FELICIA A. DAVIS, CA Bar No. 266523
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Email: danielprince@paulhastings.com
Email: feliciadavis@paulhastings.com

*Attorneys for Defendant-Appellant
NIKE, INC.*

 

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Court Rule 27-13, Defendant-Appellant NIKE, Inc. ("NIKE") hereby respectfully moves the Court for leave to file a sealed Volume 4 of NIKE's Excerpts of Record in support of its Opening Brief.

This appeal concerns whether the names of non-party complainants, witnesses, and alleged persons of interest referenced in internal accusations (the "Documents") should remain under seal. Unsealing, in other words, is the very question on appeal. This Motion, however, only seeks sealing (redaction) of the names of these non-litigants, which is the least restrictive scope of sealing. Further, NIKE's request is limited in scope only to the seven documents that reveal the identities of non-litigants who have *not* bargained for the public disclosure of their identities (and a brief that discussed those documents), particularly with respect to private concerns raised about harassment in the workplace. Circuit Court Rule 27-13(e).

As set forth more fully in NIKE's Opening Brief, private information concerning private individuals should not be disclosed where there are other means of conveying key facts related to a defendant while respecting the privacy of the individuals involved. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). The record below shows that the allegations relating to NIKE were publicly disclosed. The only information that has been withheld is the

identification of non-litigants referenced in those same Documents.

These names were ordered unsealed by the District Court below, but NIKE subsequently appealed and sought a stay of the unsealing order from this Court, which was granted. Dkt. No. 12.1. Thus, the documents that NIKE seeks to seal are sealed pursuant to the Protective Order in the District Court; and, by continuing the sealing order, this Court already has found that irreparable injury would flow from the disclosure of the names of complainants, witnesses, and alleged persons of interest referenced in the Documents. *See id.*

Volume 4 includes the Documents containing the identities of the non-parties, as well as a brief which discusses those Documents, including the non-party names, in detail. Because unsealing the Documents here would effectively moot NIKE's appeal—which seeks the continued sealing of this very information—NIKE respectfully moves to file Volume 4 under seal. In conjunction with its Opening Brief, NIKE has filed redacted versions of the documents contained in Volume 4, which mirror the redactions appearing in these Documents, pursuant to the Protective Order in the District Court.[1]

Explained in greater detail in its concurrently filed Opening Brief, there is

---

[1] NIKE notes that one document in Volume 4, Dkt. No. 165-4 (4-ER-466-502), still contains redactions beyond the names of individuals because that is how Plaintiffs filed it. NIKE is willing to work with Plaintiffs to consider whether a more narrowly-redacted version (so only names are redacted) could be filed as part of the public record. NIKE raises it here for transparency.

3

ample law both from the Ninth Circuit and the District Courts of this Circuit holding that non-litigants have privacy rights, which should be preserved. *Foltz*, 331 F.3d at 1137; *see also, e.g.*, *Moussouris v. Microsoft Corp.,* 2018 WL 1159251, at *6 (W.D. Wash. Feb. 16, 2018) (sealing names of non-party employees who raised allegations that they were discriminated against or harassed while employed by Microsoft), *report and recommendation adopted,* 2018 WL 1157997 (W.D. Wash. Mar. 1, 2018); *Gnassi v. del Toro*, 2022 WL 3867376, at *3 (W.D. Wash. Aug. 30, 2022) ("Courts may seal records containing identifying information of third parties to protect their privacy interests."); *Stiner v. Brookdale Senior Living, Inc.,* 2022 WL 1180214, at *1 (N.D. Cal. Mar. 29, 2022) (sealing the names and addresses of nonparty family members); *United States v. Mayers*, 2017 U.S. Dist. LEXIS 76686, at *5 (W.D. Wash. May 19, 2017) (sealing the identifying personal information about a third party in a police report); *Romero v. Cty. of Santa Clara*, 2014 U.S. Dist. LEXIS 197167, at *4 (N.D. Cal. June 17, 2014) ("the personal identifying information of third parties with a need for privacy, such as hospital patients, is sealable"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) ("Disclosure of [identifying] information would infringe the privacy rights of [third party individuals], which constitutes a compelling reason for sealing.").

      Redacting such information protects the important privacy interests of non-

parties and safeguards them from unwarranted "harassment, embarrassment, or ridicule." *Reflex Media, Inc. v. Doe*, 2022 U.S. Dist. LEXIS 134116, at *4 (D. Nev. July 28, 2022) (sealing names of "victims of the alleged extortion business underlying this case"); *see also In re Bofi Holding, Inc. Sec. Litig.*, 2016 WL 5390533, at *16 (S.D. Cal. Sept. 27, 2016) (finding "fear [of] retaliation and potential harassment" constitute "compelling reasons that outweigh the public's interest in disclosure" of the identities of confidential witnesses). And because the names of non-parties generally do not bear on the underlying merits of the case or the class certification motion at issue, these "important privacy concerns . . . outweigh the public's interest in disclosure." *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, 2021 U.S. Dist. LEXIS 38963, at *5 (N.D. Cal. Mar. 2, 2021) ("personally identifying information of FE-5, a nonparty, is 'not relevant to the disposition of this case'") (citation omitted); *see also Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (finding the names of nonparties "implicate[d] important privacy concerns" and those names were "not relevant to the disposition of th[e] case"); *UnifySCC v. Cody*, 2023 U.S. Dist. LEXIS 190147, at *5 (N.D. Cal. Oct. 20, 2023) (sealing employee identification numbers because the numbers "are not material to the motion to certify class").

    Here, the identities of non-litigants—the names of current and former NIKE employees—referenced in connection with unverified, unsubstantiated, and unofficial

5

complaints of workplace harassment should remain sealed. Regardless of the accuracy of the allegations, the privacy of complainants, witnesses, and subjects is critical to encouraging confidential workplace reporting and to avoid thrusting private individuals into the public spotlight. These individuals are not parties to this case, nor are they alleged to have engaged in any conduct related to the Plaintiffs in the action below. And once the unredacted records are filed on the public docket, the information within them can never be fully clawed back. "[S]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).

The Media Intervenors' objective is to publish the names of these non-parties, specifically connecting them to allegations of workplace harassment. Those individuals—be they accusers, accused, or mere witnesses—would be forced into a public discussion on unverified claims they have not chosen to make public, and for which the District Court proceedings below did not (and does not) create forum to test the veracity of those allegations. For all of the reasons NIKE asserts in its concurrently filed Opening Brief on appeal, NIKE respectfully submits the District Court erred in its unsealing order at issue. Aligned with its interim stay, noted above, NIKE asks this Court to seal Volume 4 while this Court considers the appeal, and thereafter to keep Volume 4 sealed if this Court reverses or vacates the decision below.

Consistent with Circuit Rule 27-13, the scope of this request is narrow. The

6

redacted versions remain in public view in the District Court. Only the unredacted versions are included for the Court's review as it considers the District Court's underlying sealing order. As these are the very issues in this appeal—the District Court ordered the names unsealed after initially sealing them—NIKE suggests that the resolution of this motion accompany the argument on appeal. In any event, sealing is appropriate. Accordingly, NIKE respectfully moves to seal Volume 4 of its Excerpts of Record and asks that it be granted.

Date: March 25, 2024        Respectfully submitted,

PAUL HASTINGS LLP

By: _____*s/Daniel Prince*_____
DANIEL PRINCE

By: _____*s/Felicia A. Davis*_____
FELICIA A. DAVIS

Attorneys for *Defendant-Appellant*
NIKE, INC.

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, the under-signed counsel certify that DEFENDANT-APPELLANT NIKE INC.'S MOTION FOR LEAVE TO FILE PORTIONS OF THE EXCERPTS OF RECORD UNDER SEAL is proportionately spaced, has a typeface of 14 points or more, and contains 1,316 of text (not counting the cover, Tables of Contents and Authorities, this Certificate of Compliance, the Statement of Related Cases, or the Proof of Service) according to the word count feature of Microsoft Word used to generate this Brief.

Date: March 25, 2024

Respectfully submitted,

PAUL HASTINGS LLP

By: _____s/Daniel Prince_____
　　　　DANIEL PRINCE

Attorneys for *Defendant-Appellant*
NIKE, INC.

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 24-165

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[X] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

(1) Excerpts of Record, Volume 4; and
(2) Appellant's Motion for Leave to File Portions of the Excerpts of Record Under Seal.

**Signature** | /s/ Daniel Prince | **Date** | March 25, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 15 | Rev. 12/01/2018