*No. 24-165*
_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

WKELLY CAHILL, ET AL.,

*Plaintiffs-Respondents*,

and

NON-PARTY MEDIA ORGANIZATIONS INSIDER INC.,
D/B/A BUSINESS INSIDER, ET AL.,

*Non-Party Media Orgs.-Respondents*,

v.

NIKE, INC.,

*Defendant-Petitioner*.
_____

On Appeal from the United States District Court for the District of Oregon
Hon. Marco A. Hernández
Case No. 3:18-cv-01477-JR
_____

DEFENDANT-PETITIONER NIKE, INC.'S
MOTION TO CONTINUE SEALING OF PLAINTIFFS' ANSWERING
BRIEF AND SUPPLEMENTAL EXCERPTS OF RECORD
_____

Daniel Prince, CA Bar No. 237112
Felicia A. Davis, CA Bar No. 266523
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Email: danielprince@paulhastings.com
Email: feliciadavis@paulhastings.com

Attorneys for *Defendant-Petitioner*
NIKE, INC.

## CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rule of Appellate Procedure 26.1, Defendant-Petitioner NIKE, Inc. states that it has no parent corporation and that no publicly held corporation owns ten (10) percent or more of its stock.

## TABLE OF CONTENTS

**Page**

MOTION TO CONTINUE SEALING ................................................................... 1

I.    INTRODUCTION ............................................................................. 2

II.   FACTUAL AND PROCEDURAL BACKGROUND ................................. 4

    A.    Parties Unsealed Substance of "Starfish Documents" Attached to Class Certification Briefing ........................................................... 5

    B.    Media Intervenors Seek to Unseal Non-Party Names, the Subject Matter of this Appeal. ........................................................ 6

    C.    Plaintiffs Disclosed the Claimed "Starfish Documents" to a Media Intervenor in Violation of this Court's Stay Order and the District Court's Protective Order. ................................................ 7

    D.    Plaintiffs' Manufactured a Discovery Dispute Over Strong's Deposition Testimony. .................................................................. 8

    E.    Plaintiffs Bring their Alleged Discovery Dispute to This Court Through Their Answering Brief and SER. ...................................... 9

III.  PORTIONS OF THE BRIEFING HERE SHOULD REMAIN UNDER SEAL PENDING APPEAL. ....................................................................... 11

IV.   THE COURT SHOULD CONTINUE SEALING PLAINTIFFS' ANSWERING BRIEF AND SUPPLEMENTAL EXCERPTS OF RECORD. ..................................................................................................... 12

    A.    Plaintiffs' Answering Brief and SER Should Remain Under Seal Because the SER Contains Materials Attached to Nondispositive Motions Unrelated to the Merits of the Case. ........... 12

    B.    The "Good Cause" Standard is Met Here. ..................................... 15

    C.    Non-party Privacy Interests Meet the "Compelling Reasons" Standard ................................................................................... 17

V.    CONCLUSION .............................................................................. 19

CERTIFICATE OF SERVICE .................................................................. 20

STATEMENT OF RELATED CASE ........................................................... 21

CERTIFICATE OF COMPLIANCE ........................................................... 22

## TABLE OF AUTHORITIES

CASES

*Baker v. SeaWorld Ent., Inc.*,
   No. 14CV2129-MMA (AGS), 2017 WL 5029612
   (S.D. Cal. Nov. 3, 2017) .......................................................................4

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
   809 F.3d 1092 (9th Cir. 2016) .......................................................13, 14

*DiMercurio v. Equilon Enterprises LLC*,
   No. 19-CV-04029-JSC, 2021 WL 3885973 (N.D. Cal. Aug. 30, 2021)..............3

*Duarte v. City of Stockton*,
   60 F.4th 566 (9th Cir. 2023) ................................................................3

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003) ....................................................*passim*

*In re Roman Catholic Archbishop of Portland in Oregon*,
   661 F.3d 417 (9th Cir. 2011) .......................................................16, 18

*Kamakana v. City & Cnty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ....................................................*passim*

*McDonnell v. Sw. Airlines Co.*,
   292 F. App'x 679 (9th Cir. 2008) .......................................................11

*N.D. ex rel. parents acting as guardians ad litem v. Haw. Dep't of Educ.*,
   600 F.3d 1104 (9th Cir. 2010) ...........................................................11

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978)...........................................................................17

*Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*,
   307 F.3d 1206 (9th Cir. 2002) ......................................................3, 11, 13, 14

*Pintos v. Pac. Creditors Ass'n*,
   565 F.3d 1106 (9th Cir. 2009) .......................................................3, 12

*Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nevada*,
   798 F.2d 1289 (9th Cir. 1986) ...........................................................17

RULES

Cir. R. 27-13(f) ..................................................................1, 11

District of Oregon L. R. Civ. Pro. 16 .............................................*passim*

District of Oregon L. R. Civ. Pro. 16(c) .................................................8

Fed. R. Civ. Pro. 26(c) ...........................................................*passim*

## MOTION TO CONTINUE SEALING

Pursuant to Circuit Rule 27-13(f), Defendant-Petitioner NIKE, Inc. ("NIKE") hereby moves the Court to continue the sealing of Plaintiffs-Respondents Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender's (collectively, the "Plaintiffs") Answering Brief and Supplemental Excerpts of Record ("SER"). For the reasons below, NIKE meets the "good cause" standard to continue sealing Plaintiffs' Answering Brief and SER. However, if the Court finds that the "compelling reasons" standard applies to these materials, NIKE requests that the Court redact limited portions of Plaintiffs' Answering Brief and SER per Exhibit A of the Declaration of Daniel Prince ("Prince Decl."), filed concurrently herein.

As NIKE did with its motion requesting sealing of portions of the Excerpts of Record (submitted with its Opening Brief), NIKE acknowledges that this motion overlaps with the merits of this appeal—whether the names of non-party complainants, witnesses, and alleged persons of interest referenced in unverified complaint documents should remain under seal. *See* Dkt. No. 25.1. "Unsealing, in other words, is the very question on appeal." *Id.* at 2. Thus, NIKE recommends, as it did with its prior motion, that Plaintiffs' Answering Brief and SER be sealed while this Court considers the appeal, and thereafter should NIKE prevail on its appeal.

## I.   <u>INTRODUCTION</u>

Sealing is the issue on appeal.  Nevertheless, Plaintiffs now submit a brief seeking to unseal their entire Answering Brief and SER, *see* Dkt. No. 31.1, which is a transparent attempt to:  (1) circumvent the operative protective order below ("Protective Order"), *see* Prince Decl. ¶ 4, Ex. B; (2) make an end-run of this Court's prior order staying the District Court from unsealing *the same information* pending resolution of this appeal ("Stay Order"), *see* Dkt. No. 12.1; and (3) effectively resolve this appeal *before* it gets to the merits panel and argument.  This is both improper and imprudent.  Even the Media Intervenors acknowledged that they "do not oppose the Court maintaining Volume IV under seal while it considers [NIKE]'s appeal on the merits."  Dkt. No. 27.1 at 4.  So, too, should Plaintiffs here.  The merits panel therefore should decide sealing issues upon full argument and consideration because the matters are intertwined.

NIKE therefore files this motion requesting that the Court continue sealing Plaintiffs' Answering Brief and SER because, under a "good cause" standard, the material should remain under seal.  But even under a "compelling reasons" standard, the privacy interests of non-parties and NIKE's narrowly tailored redactions rebut the presumption of access to judicial records and preserve for the merits panel the ultimate question on this appeal.  NIKE provides an abbreviated discussion below, but *all of NIKE's merits briefing*—its Opening Brief and its contemporaneously-

filed Reply Brief—also confirm why sealing of the briefing, the record, and the documents is appropriate.

Plaintiffs' Answering brief references—and their SER contains—materials filed under seal pursuant to the Protective Order that this Circuit's presumption of access to judicial records does not reach. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Because these materials include only briefing on nondispositive motions and their attachments unrelated to this case's merits, NIKE need only show that "good cause" exists to continue sealing these materials. *Id.*[1] NIKE satisfies that showing by establishing "annoyance, embarrassment, oppression" and "undue burden or expense" would result from the ultimate publication of Plaintiffs' Answering Brief and SER. Fed. R. Civ. P. 26(c).

As reflected in its already-filed Opening Brief on Appeal, *see* Dkt. 23.1 at 15-25, NIKE maintains the "compelling reasons" standard does not apply. Indeed, one of the core merits issues on appeal *is* the appropriate standard because the District Courts are at odds. *Compare DiMercurio v. Equilon Enterprises LLC*, No. 19-CV-04029-JSC, 2021 WL 3885973, at *12 (N.D. Cal. Aug. 30, 2021) (applying "good

---

[1] NIKE acknowledges that the appropriate standard of review is an issue for the merits panel on appeal. NIKE believes that, under a long line of this Court's authority, the standard is "good cause" for non-dispositive discovery motions. *See, e.g., Phillips*, 307 F.3d at 1213; *Foltz*, 331 F.3d at 1135; *Kamakana*, 447 F.3d at 1180; *Pintos*, 565 F.3d at 1115; *see also Duarte v. City of Stockton*, 60 F.4th 566, 574 (9th Cir. 2023) (noting controlling nature of "earlier, binding holding").

3

cause" standard to documents attached to motion for class certification) *with Baker v. SeaWorld Ent., Inc.*, No. 14CV2129-MMA (AGS), 2017 WL 5029612, at *3 (S.D. Cal. Nov. 3, 2017) (applying "compelling reasons" standard to same). But if the Court were to apply the "compelling reasons" standard to these records, the Court should maintain sealing pursuant to the narrowly tailored redactions proposed by NIKE, just as it did with the Stay Order. Dkt. No. 12.1. The privacy interests of non-parties serve as "compelling reasons" to maintain sealing. *See* Dkt. No. 23.1 at 35-36 (collecting cases).

NIKE proposes narrowly tailored redactions to Plaintiffs' Answering Brief and SER to protect the subject matter of this appeal and appropriately balance the public's interest in access to these materials. *See* Dkt. No. 23.1 at 36-37 (collecting cases). Specifically, NIKE proposes to redact only the names of non-party current and former NIKE employees who are complainants, witnesses, and alleged persons of interest identified in allegations of sexual harassment referenced in Plaintiffs' Answering Brief and SER. *See* Prince Decl. ¶ 3, Ex. A. **The identity of these non-parties is the precise subject matter of this appeal and information this Court already decided should remain under seal pending appeal**. Dkt. No. 12.1.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

For over a year, the Courts and parties have committed significant resources adjudicating limitations on disclosure and the use of certain records, including the

4

Starfish Documents ("Documents").  Media Intervenors have used the Courts' processes to seek access to the names of complainants, witnesses, and alleged persons of interest identified in those records.  Because the information sought to be sealed in Plaintiffs' Answering Brief and SER overlaps with the Documents—the subject matter of this appeal—NIKE provides the following context.

### A.     Parties Unsealed Substance of "Starfish Documents" Attached to Class Certification Briefing

Plaintiffs filed this action in 2018 seeking to certify a class for claims under the Federal Equal Pay Act, Oregon Equal Pay Act, and Title VII, alleging discrimination against them and other similarly situated women in pay and promotion decisions.  3-ER-332.  On June 17, 2019, Plaintiffs' stipulated to the operative Protective Order, which allowed the parties to designate certain information as confidential.  Prince Decl. ¶ 4, Ex. B.  The District Court ordered NIKE to produce a set of unverified claims containing harassment allegations, which were marked confidential pursuant to the Protective Order.  Though irrelevant to their actual pay and promotions claims, in January 2022, Plaintiffs filed a declaration in support of their motion for class certification under seal, with the Documents attached to the declaration.  4-ER-466-530.  Thereafter, NIKE and Plaintiff worked "to review previously sealed documents and re-lodge unsealed or redacted versions" of documents filed in connection with class certification briefing. 2-ER-289. While the parties unsealed the substance of the Documents (*i.e.*, the allegations

5

themselves), they agreed to redact "the names of individuals named in allegations of sexual harassment or gender discrimination at NIKE that have not already been made public." 2-ER-288; *see also* 2-ER-210-274 & 4-ER-466-530. The names that the parties agreed to redact pertained to non-party complainants, witnesses, and alleged persons of interest identified in the Documents. 3-ER-321.

**B.    Media Intervenors Seek to Unseal Non-Party Names, the Subject Matter of this Appeal.**

In April 2022, the Media Intervenors intervened in the action to access the remaining non-party names sealed in the Documents. 2-ER-292.[2] That initial effort was denied, but after the District Court adopted the Magistrate Judge's Findings and Recommendations denying class certification, 2-ER-150, the District Court adopted the Magistrate's recommendation that the District Court grant the Media Intervenors' renewed motion. 1-ER-005. NIKE appealed the Order adopting the Recommendations, 3-ER-378, and on January 19, 2024, this Court granted NIKE's Emergency Motion, staying the District Court's Order during the pendency of NIKE's appeal. Dkt. No. 12.1.

---

[2] Media Intervenors include Insider Inc., *d/b/a Business Insider*, Advance Local Media LLC, *d/b/a Oregonian Media Group* (the "Oregonian"), and American City Business Journals, Inc., *d/b/a Portland Business Journal*.

**C.**    **Plaintiffs Disclosed the Claimed "Starfish Documents" to a Media Intervenor in Violation of this Court's Stay Order and the District Court's Protective Order.**

Aware of the prohibition of disclosure implied by the administrative stay order (entered days before), Dkt. No. 6.1, and the Stay Order (entered just hours earlier), Dkt. No. 12.1, Laura Salerno Owens, an attorney for Plaintiffs, and Matthew Kish, a reporter for Media Intervenor the Oregonian, met face-to-face at a coffee shop, Dkt. No. 34.1 at ¶ 15, Ex. M. There, Ms. Salerno Owens forwarded to Mr. Kish a PDF (which she had prepared in advance), over half of which contained material (1) that neither NIKE nor Plaintiffs publicly-filed and that NIKE only produced subject to the Protective Order, and (2) that remained subject to this Court's Stay Order. Dkt No. 34.1 at ¶ 34, Ex. FF.

Afterwards, not a single attorney representing the Plaintiffs in this case (four different law firms and nearly a dozen attorneys) notified NIKE about Plaintiffs' breach *until six days later*, on January 25, 2024. They spent the intervening time trying to convince Mr. Kish to return the documents, to no avail. Because of the unauthorized disclosure, NIKE has been forced to engage in significant briefing in the District Court pertaining to the disclosure, to seek and enforce discovery with respect to the disclosure, and to brief related matters in this Court, including a separate appeal, *see Cahill, et al. v. NIKE, Inc.*, Case No. 24-2199, and a pending

7

sanctions motion against the Oregonian in this Court, Dkt. No. 33.1, and against Plaintiffs' counsel in the District Court, Prince Decl. ¶ 5, Ex. C.

**D.    Plaintiffs' Manufactured a Discovery Dispute Over Strong's Deposition Testimony.**

Years after becoming aware of Melanie Strong ("Strong") and her potential involvement in the Starfish Documents, on March 22, 2024, Plaintiffs deposed Strong, a former NIKE employee, 2-SER-89, 2-SER-183.    Following that deposition, NIKE asked that the deposition be designated confidential pursuant to the Protective Order, requiring it be filed under seal if attached to future briefing. After the deposition, a discovery dispute arose based on Strong's deposition testimony related to the Documents, including the claimed number of them.[3]   On March 11, 2024, Plaintiffs filed an "emergency request" for a conference under District of Oregon Local Rule of Civil Procedure, Rule 16 (the "Rule 16 Request"),[4]

---

[3] Plaintiffs argue that "credible evidence" supports the proposition that NIKE received 300 Starfish documents.  Plaintiffs' Answering Brief at 4, n.1.  This "credible evidence" is in reality the testimony of one individual, who admitted during her deposition that she did not have personal knowledge regarding the number of Starfish complaint documents in NIKE's possession custody or control, 2-SER-114 ("A. . . . Eventually, I do believe that the hardcopies were delivered [to NIKE], **but I'm unclear on the details.**") (emphasis added).  In fact, when asked if she saw that NIKE received the 300 complaints, she said "I did not."  *Id.* (Q. But to be clear, *you saw* Ms. Matheson and Ms. Krane receive about 300 Starfish Survey complaints? A. *I did not.*") (emphasis added).

[4] District of Oregon Local Rule of Civil Procedure 16-2(c) states, "[n]otwithstanding anything in this or any other local rule, any party may ask for a conference under Fed. R. Civ. P. 16 at any time."  District of Oregon L. R. Civ. Pro. 16-2(c).

and attached excerpts of Ms. Strong's deposition testimony and an exhibit from the deposition to a declaration in support of that request. 2-SER-183, 2-SER-233. Despite discovery ending on March 29, 2024, Plaintiffs also served additional discovery on March 15, 2024 related to this dispute, 2-SER-174, and NIKE moved for a protective order regarding those requests, 2-SER-168. Plaintiffs' opposition to NIKE's motion attached a declaration with different excerpts from the Strong deposition, as well as excerpts from the deposition of NIKE's corporate representative. ***All of this briefing (including the attachments) were filed under seal pursuant to the terms of the Protective Order***, Prince Decl. ¶ 4, Ex. B, and repeatedly reference the subject matter of this appeal—the names of non-party current and former NIKE employees who are complainants, witnesses, and alleged persons of interest referenced in the Documents.

### E. Plaintiffs Bring their Alleged Discovery Dispute to This Court Through Their Answering Brief and SER.

NIKE filed its Opening Brief on March 26, 2024. Dkt. No. 23.1. On April 24, 2024, Plaintiffs' filed their Answering Brief. Dkt. No. 31.1. In an effort to publicize more salacious, irrelevant information, Plaintiffs' Answering Brief references its SER submissions, which include the following:

- (ECF No. 433-1) Exhibit 1 to the Declaration of Byron Goldstein in Support of Plaintiffs' Request for Emergency Local Rule 16

9

Conference: Transcript excerpts from the Deposition of Melanie Strong. 2-SER-183;

- (ECF No. 433-2) Exhibit 2 to the Declaration of Byron Goldstein in Support of Plaintiffs' Request for Emergency Local Rule 16 Conference: Exhibit A from the Deposition of Melanie Strong. 2-SER-233;

- (ECF No. 443) NIKE's Motion for a Protective Order and to Quash. 2-SER-168;

- (ECF No. 449) Plaintiffs' Opposition to NIKE's Motion for a Protective Order and to Quash. 2-SER-153;

- (ECF No. 450) The Declaration of Byron Goldstein in Support of Plaintiffs' Opposition to NIKE's Motion for a Protective Order and to Quash. 2-SER-85;

- (ECF No. 450-1) Exhibit 1 to the Declaration of Byron Goldstein in Support of Plaintiffs' Opposition to NIKE's Motion for a Protective Order and to Quash: Transcript excerpts from the Deposition of Melanie Strong. 2-SER-89;

- (ECF No. 450-5) Exhibit 5 to the Declaration of Byron Goldstein in Support of Plaintiffs' Opposition to Defendant's Motion for a

10

Protective Order and to Quash: Transcript excerpts from the Deposition

of Alison Daugherty.  2-SER-136.

## III.  PORTIONS OF THE BRIEFING HERE SHOULD REMAIN UNDER SEAL PENDING APPEAL.

Pursuant to Circuit Rule 27-13(f), when the filing party does not intend to ask that a seal issued by the district court be continued, the party shall file the documents provisionally under seal, along with a notice of intent to file publicly.  Cir. R. 27-13(f).  In response, any other party can move for appropriate relief within 21 days of the notice.  *Id*.  This Court reviews *de novo* whether a district court used the correct legal standard in ordering records to be sealed.  *McDonnell v. Sw. Airlines Co.*, 292 F. App'x 679, 680 (9th Cir. 2008) (citing *Phillips*, 307 F. 3d at 1210); *N.D. ex rel. parents acting as guardians ad litem v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1111 (9th Cir. 2010) (the Ninth Circuit "determine[s] de novo whether the trial court identified the correct legal rule to apply to the relief requested.") (citation omitted).  The Court reviews the district court's application of that legal standard for abuse of discretion.  *Id*.

Here, the sealing motion overlaps with the ultimate merits of the appeal. NIKE acknowledges that resolution of this motion effectively resolve this appeal *before* it gets to the merits panel and argument.  Just as Volume IV of NIKE's Excepts of Record should be maintained under seal while the Court considers

11

NIKE's appeal on the merits, *see* Dkt. No. 27.1 at 4, so too should Plaintiffs Answering Brief and SER.

## IV. THE COURT SHOULD CONTINUE SEALING PLAINTIFFS' ANSWERING BRIEF AND SUPPLEMENTAL EXCERPTS OF RECORD.

### A. Plaintiffs' Answering Brief and SER Should Remain Under Seal Because the SER Contains Materials Attached to Nondispositive Motions Unrelated to the Merits of the Case.

"Good cause" exists to continue sealing these documents because doing so would "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" that would result from the unsealing, and ultimate publication of this information. Fed. R. Civ. P. 26(c). To the extent the presumption applies, "compelling reasons" exist for the "limited and clear" redactions of Plaintiffs' Answering Brief and SER requested by NIKE. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). Because this is all intertwined with the merits of the appeal, NIKE suggests—as Media Intervenors had agreed earlier, *see* Dkt. 27.1 at 4—that the issue be resolved with the merits of the appeal after argument.

The Court should apply the "good cause" standard to determine whether the information in Plaintiffs' Answering Brief and SER should remain sealed consistent with the controlling authority of this Court. This Court has held time and time again that, when "private materials unearthed during discovery [are] attached to a

12

nondispositive motion," *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009), *superseded on other grounds*, 605 F.3d 665 (9th Cir. 2010) (quoting *Phillips*, 307 F.3d at 1213), the "good cause" rather than the "compelling interest" standard applies to sealing, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

This Court squarely addressed the "good cause" standard in *Phillips*, finding that the presumption of access does not apply to materials filed with the court under seal pursuant to a valid protective order. *Id.* The Court surmised that, "[a]pplying a strong presumption of access to documents a court has already decided should be shielded from the public **would surely undermine, and possibly eviscerate,** the broad power of the district court to fashion protective orders." *Id.* (emphasis added). Even when considering the "public policy reasons behind a presumption of access to judicial documents," the Court concluded that it "makes little sense to **render the district court's protective order useless** simply because the plaintiffs attached a sealed discovery document to a nondispositive [ ] motion filed with the court." *Id.* (emphasis added) (*citing Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1983)).

Under *Phillips*, a particularized showing, under the good cause standard of Federal Rule of Civil Procedure, Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."

13

*Kamakana*, 447 F.3d at 1180 (cleaned up) (citing *Foltz,* 331 F.3d at 1138). This Court later clarified that this use of the term "dispositive" and "nondispositive" does not support "a mechanistic rule to determine when the presumption of public access applies." *Ctr. for Auto Safety v. Chrysler Grp., LLC ("Chrysler")*, 809 F.3d 1092, 1100 (9th Cir. 2016). Instead, the "focus" of the inquiry rests on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See id.* at 1099. Motions related to discovery are not more than tangentially related to the merits of the case. *See Phillips*, 307 F.3d at 1213 (citing *Seattle Times*, 467 U.S. at 33) ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."); *Chrysler*, 809 F.3d 1092, 1097 (9th Cir. 2016) (stating the good cause standard is appropriately applied in the context of considering "sealed materials attached to a discovery motion unrelated to the merits of a case").

The strong presumption of access does not attach to the SER, or Plaintiffs' Answering Brief (to the extent it references information in the SER), because the SER contains only briefing, a declaration, and attachments related to two discovery motions—Plaintiffs' Rule 16 Request, 2-SER-183-237, and NIKE's Motion to Quash, 2-SER-83-182. These discovery motions are unrelated to Plaintiffs'

14

individual employment actions, which concern pay and promotion claims. Plaintiffs' Answering Brief maintains the Documents' relevance to Plaintiffs' efforts in the District Court, but the nexus of relevancy is cursory at best. *See* NIKE's Reply Brief. As Plaintiffs' concede, the papers at issue here involve a discovery dispute— whether 30 Documents exist or 300. *Compare* 2-SER-157 *with* 2-SER-173. The Rule 16 Request involved Plaintiffs' request for a judicial hearing on that issue, and NIKE's Motion to Quash requested relief in response to discovery Plaintiff propounded related to that dispute. Thus, a particularized showing under the "good cause" standard of Rule 26(c) will suffice to warrant continued sealing Plaintiffs' Answering Brief and SER.

> ### B.  <u>The "Good Cause" Standard is Met Here.</u>

NIKE's particularized "good cause" showing under Rule 26(c) warrants sealing of Plaintiffs' Answering Brief and SER. "Good cause" exists to continue sealing of these materials to "protect a party ***or person*** from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The allegations made in the Documents—whether true or not—have been published by various media outlets. And as NIKE has already shown sufficiently to receive a stay pending resolution of its appeal, Dkt. No. 12.1 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)), unsealing non-parties' names related to the Documents—even for a brief period—would result in "immediate and irreparable harm" to them due to the

potential publication of the information by Media Intervenors, Dkt. No. 3.1 at 15. Given that the Media Intervenors are a party to this appeal, and would receive notification of any order unsealing portions of Plaintiffs' Answering Brief or SER, the threat of publication equally applies to these records.

"Publication of this information will bring embarrassment, emotional damage and reputational harm to individuals named in the redacted Records—*e.g.,* loss of professional opportunities, personal humiliation and ridicule, impacted personal and professional relationships and networks, etc." and "[o]nce the unredacted [r]ecords are filed on the public docket, the information within them can never be fully clawed back." Dkt. No. 3.1 at 20. Such non-party privacy interests, at minimum, meet the "good cause" standard. *Foltz*, 331 F.3d at 1131, n. 4 ("[D]iscovery documents sealed under this order contained confidential information [about third parties] would satisfy the "good cause" standard of Rule 26(c)"); *see In re Roman Catholic Archbishop of Portland in Oregon ("Archbishop of Portland")*, 661 F.3d 417, 425-427 (9th Cir. 2011) (non-party priests with abuse claims asserted against them in discovery related to Archdiocese bankruptcy and settlement, but "where no person ever filed a claim of sexual abuse against" them during the proceedings, articulated "particularized harm" by showing "public humiliation, loss of career [ ], and possible eviction from a retirement home[.]").

### C.  Non-party Privacy Interests Meet the "Compelling Reasons" Standard.

Although this Court should apply the "good cause" standard to Plaintiffs' Answering Brief and SER, if the Court were to apply a "compelling reasons" standard to determine the continued sealing of Plaintiffs' Answering Brief and SER, NIKE meets the more rigorous standard.  Such a situation would involve the same material this Court previously ruled should remain sealed pending appeal, and NIKE urges the Court to maintain that same approach here.  *See* Dkt. No. 12.1.

NIKE has demonstrated the weight of authority holds that non-party privacy interests are compelling reasons to justify sealing. Dkt. No. 23.1 at 34.  The Supreme Court has found that, even when the presumption for public access attaches to judicial records, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.* ("*Nixon*"), 435 U.S. 589, 598 (1978).  For example, the common law right of access cannot "be used to gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a [ ] case" or to prevent their files from serving "as reservoirs of libelous statements for press consumption," "or as sources of business information that might harm a litigant's competitive standing." *Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nevada*, 798 F.2d 1289, 1293 (9th Cir. 1986) (quoting *Nixon*, 435 U.S. at 598) (internal citations and quotation marks omitted).  Based on

this principle, courts routinely find that "compelling reasons" exist to seal personally identifiable information, such as names, addresses, phone numbers, and email addresses of non-parties.  Dkt. No. 23.1 at 35-36 (collecting cases).

NIKE's "limited and clear" redactions of Plaintiffs' Answering Brief and SER properly balance competing interests of access.  *Archbishop of Portland*, 661 F.3d at 425 ("[C]ourts should keep in mind the possibility of redacting sensitive material" when conducting sealing analysis).  Redacting identifiable information protects these non-parties' important privacy interests, safeguarding them from unwarranted harassment, embarrassment, or ridicule.  Dkt. No. 23.1 at 36-37 (collecting cases). This Court has acknowledged this approach, redacting non-party identities to strike a balance between the important privacy interests of these non-parties and the public's interest in accessing information that actually bears on the merits of a case. *Foltz,* 331 F.3d at 1137 ("Simply redacting the identifying information of third parties (*e.g.,* their names, addresses, telephone numbers, and social security numbers) from these records and disclosing the remaining information would not injure the third parties but would reveal only State Farm's actions in processing personal injury claims.").  To the extent the presumption applies, "compelling reasons" exist for the "limited and clear" redactions of Plaintiffs' Answering Brief and SER requested by NIKE. *See Kamakana*, 447 F.3d at 1183.

18

## V.    **CONCLUSION**

For the foregoing reasons, NIKE requests that the Court maintain sealing Plaintiffs' Answering Brief and SER.  If the Court finds that the "compelling reasons" standard does apply to these materials, NIKE requests the Court redact Plaintiffs' Answering Brief and SER per Exhibit A of the Prince Declaration.  NIKE has provided a more fulsome discussion of sealing law in its merits briefing in this appeal.  *See* Dkt. No. 23.1.  NIKE recognizes the issues raised here are closely related to the merits of this appeal and suggests they be argued, heard, and decided together.  Therefore, NIKE suggests, at a minimum, that the Answering Brief and SER remain under sealed at least through the resolution of the appeal by the merits panel because that panel will provide guidance regarding the appropriateness of any necessary redactions to the names of non-party witnesses, complainants, and alleged persons of interest appearing in the documents at issue.


Date:  May 15, 2024                    Respectfully submitted,

                                        PAUL HASTINGS LLP

                                        By:  _____*s/Daniel Prince*_____
                                                DANIEL PRINCE

                                        By:  _____*s/Felicia A. Davis*_____
                                                FELICIA A. DAVIS

                                        Attorneys for *Defendant-Petitioner*
                                        NIKE, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that my firm electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 15, 2024.

I certify that counsel in the case, including Plaintiffs' counsel and counsel for The Oregonian, are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Date:  May 15, 2024

Respectfully submitted,

PAUL HASTINGS LLP

By: _____*s/Daniel Prince*_____
            DANIEL PRINCE

Attorneys for *Defendant-Petitioner*
NIKE, INC.

20

## STATEMENT OF RELATED CASE

Pursuant to Circuit Rule 28-2.6, Defendant-Petitioner NIKE certifies that Ninth Circuit Appeal No. 24-2199 is a related case because it is subsequent to the instant appeal and raises closely related issues, namely the unauthorized disclosure of the names of non-party complainants, witnesses, and alleged persons of interest identified in confidential judicial records that this Court ordered to remain sealed pending NIKE's appeal.  Case No. 24-165, Dkt. No. 12.1.


Date:  May 15, 2024                 Respectfully submitted,

                                             PAUL HASTINGS LLP

                                             By: _____*s/Daniel Prince*_____
                                                 DANIEL PRINCE

                                             Attorneys for *Defendant-Petitioner*
                                             NIKE, INC.

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with the type-volume limitations of Fed. R. App. P. 5(c) and that this brief contains 4,317 words, excluding the parts of the brief exempt by Fed. R. App. P. 32(f).

I certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

Date:  May 15, 2024   Respectfully submitted,

PAUL HASTINGS LLP

By: _____*s/Daniel Prince*_____
     DANIEL PRINCE

Attorneys for *Defendant-Petitioner*
NIKE, INC.

22

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

| 9th Cir. Case Number(s) | 24-165 |
|---|---|

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are __NOT__ Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

NIKE's Motion to Continue Sealing.

| Signature | s/ Daniel Prince | Date | May 15, 2024 |
|---|---|---|---|

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 15                                                                 *Rev. 12/01/2018*