*No. 24-165*

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**KELLY CAHILL, ET AL.,**

*Plaintiffs-Respondents*,
and

**NON-PARTY MEDIA ORGANIZATIONS INSIDER INC.,
D/B/A BUSINESS INSIDER, ET AL.,**

*Non-Party Media Orgs.-Respondents*,

v.

**NIKE, INC.,**

*Defendant-Petitioner*.

On Appeal from the United States District Court for the District of Oregon
Hon. Marco A. Hernández
Case No. 3:18-cv-01477-JR

**DEFENDANT-PETITIONER NIKE, INC.'S MOTION TO
CONDITIONALLY SEAL DISPOSITION UNDER CIRCUIT RULE 27-13(j)**

Daniel Prince, CA Bar No. 237112
Felicia A. Davis, CA Bar No. 266523
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Email: danielprince@paulhastings.com
Email: feliciadavis@paulhastings.com

Attorneys for *Defendant-Petitioner*
NIKE, INC.

## CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rule of Appellate Procedure 26.1, Defendant-Petitioner NIKE, Inc. states that it has no parent corporation and that no publicly held corporation owns ten (10) percent or more of its stock.

## **TABLE OF CONTENTS**

                                                **Page**

MOTION TO CONDITIONALLY SEAL DISPOSITION ......................................1

CERTIFICATE OF SERVICE ................................................................................4

STATEMENT OF RELATED CASE ......................................................................5

CERTIFICATE OF COMPLIANCE ......................................................................6

ii

# TABLE OF AUTHORITIES

**CASES**

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
  809 F.3d 1092 (9th Cir. 2016) ......................................................................1, 2

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ............................................................................2

*Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*,
  307 F.3d 1206 (9th Cir. 2002) ............................................................................1

**RULES**

Cir. R. 27-13(j) ..........................................................................................................1

Fed. R. Civ. Pro. 26(c) ..............................................................................................2

## MOTION TO CONDITIONALLY SEAL DISPOSITION

Pursuant to Circuit Rule 27-13(j), Defendant-Petitioner NIKE, Inc. ("NIKE") moves the Court to seal its disposition on the merits of this appeal if the Court rules in NIKE's favor and chooses to include the information currently under seal in the text of its disposition.

The position NIKE has maintained across its filings is the same: the names of non-party complainants, witnesses, and alleged persons of interest referenced in unverified complaint documents should remain under seal.[1] Thus, NIKE recommends that the Court seal its disposition (or portions thereof) if the Court both: (1) rules in NIKE's favor on the merits of its appeal and (2) includes the sealed information subject to this appeal in its disposition. Cir. R. 27-13(j).

NIKE has provided a fulsome discussion of sealing law in its prior briefing. To summarize, the information at issue is subject to the "good cause" standard because the material was filed with the District Court under seal pursuant to a valid protective order and only attached to non-dispositive motions, *see Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002), that is, motions unrelated or less than tangentially related to the merits of Plaintiffs' case,

---

[1] NIKE's Opening and Reply Briefs, Dkt. Nos. 23.1, 46.1, its motion to seal portions of its Excerpts of Record, Dkt. No. 25.1, and its motion to continue sealing Plaintiffs' Answering Brief and Supplemental Excerpts of Record ("Motion to Continue Sealing"), maintain this "is the very question on appeal[,]" Dkt. No. 25.1 at 2.

1

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Because the presumption of public access does not extend to these records, NIKE need only show "good cause" exists under Federal Rule of Civil Procedure 26(c) to continue sealing the identities of non-parties. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

As NIKE explained in its merits briefs, "good cause" exists to protect these non-parties from annoyance, embarrassment, oppression, or undue burden or expense, Dkt. Nos. 23.1 at 25, 46.1 at 25, that would otherwise befall if the information was publicized—an irreparable ***and inevitable*** eventuality due to Media Intervenors' interest in this case, *see* Dkt. No. 12.1. As NIKE also explained in its merits briefs, even under a compelling reasons standard, these important non-party privacy interests meet the more demanding "compelling reasons" standard, Dkt. Nos. 23.1 at 35-36 (collecting cases), 46.1 at 24-26 (same), rebutting the presumption of public access.[2]

---

[2] As NIKE's merits briefs explain, NIKE's "limited and clear" redactions of everything but the identifiable information of these non-parties properly balances the public's right to access judicial documents and non-parties' important privacy interests. *E.g.,* Dkt. No. 23.1 at 37 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)) ("Simply redacting the identifying information of third parties . . . would not injure the third parties but would reveal only State Farm's actions in processing personal injury claims."). If this information is included in the Court's disposition, NIKE only asks that it be redacted consistent with NIKE's other submissions. *See* Dkt. No. 26.1 (NIKE's Excerpts of Record, Volume IV), NIKE's Motion to Continue Sealing Exhibit A.

For the reasons mentioned above, NIKE recommends that the Court seal its disposition (or portions thereof pursuant to NIKE's prior redactions) if the Court is inclined to rule in NIKE's favor on the merits of its appeal and includes the sealed information subject to this appeal in the text of its disposition.

Date: May 22, 2024

Respectfully submitted,

PAUL HASTINGS LLP

By: _____*s/Daniel Prince*_____
          DANIEL PRINCE

By: _____*s/Felicia A. Davis*_____
          FELICIA A. DAVIS

Attorneys for *Defendant-Petitioner* NIKE, INC.

# CERTIFICATE OF SERVICE

I hereby certify that my firm electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 22, 2024.

I certify that counsel in the case, including Plaintiffs' counsel and counsel for The Oregonian, are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Date: May 22, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　PAUL HASTINGS LLP

　　　　　　　　　　　　　　　　　　By: _____*s/Daniel Prince*_____
　　　　　　　　　　　　　　　　　　　　　　DANIEL PRINCE

　　　　　　　　　　　　　　　　　　Attorneys for *Defendant-Petitioner*
　　　　　　　　　　　　　　　　　　NIKE, INC.

## **STATEMENT OF RELATED CASE**

Pursuant to Circuit Rule 28-2.6, Defendant-Petitioner NIKE certifies that Ninth Circuit Appeal No. 24-2199 is a related case because it is subsequent to the instant appeal and raises closely related issues, namely the unauthorized disclosure of the names of non-party complainants, witnesses, and alleged persons of interest identified in confidential judicial records that this Court ordered to remain sealed pending NIKE's appeal. Case No. 24-165, Dkt. No. 12.1.

Date: May 22, 2024

Respectfully submitted,

PAUL HASTINGS LLP

By: _____*s/Daniel Prince*_____
DANIEL PRINCE

Attorneys for *Defendant-Petitioner*
NIKE, INC.

# **CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with the type-volume limitations of Fed. R. App. P. 5(c) and that this brief contains 596 words, excluding the parts of the brief exempt by Fed. R. App. P. 32(f).

I certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

Date: May 22, 2024

Respectfully submitted,

PAUL HASTINGS LLP

By: _____*s/Daniel Prince*_____
       DANIEL PRINCE

Attorneys for *Defendant-Petitioner*
NIKE, INC.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 24-165

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

Nike's Motion to Conditionally Seal Disposition Under Circuit Rule 27-13(j)

**Signature** | s/ Daniel Prince | **Date** | May 22, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 15** | *Rev. 12/01/2018*