Case No. 24-165

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

KELLY CAHILL, ET AL.,
*Plaintiffs-Appellees,*

vs.

NON-PARTY MEDIA ORGANIZATIONS INSIDER INC.,
d/b/a BUSINESS INSIDER, ET AL
*Media Intervenors-Appellees,*

NIKE, INC.,
*Defendant-Appellant.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON
CASE NO. 3:18-CV-01477-JR
HON. MARCO H. HERNANDEZ, UNITED STATES DISTRICT JUDGE

---

**PLAINTIFFS-APPELLEES' RESPONSE TO DEFENDANT-PETITIONER (SIC) NIKE, INC.'S MOTION TO CONTINUE SEALING OF PLAINTIFF'S ANSWERING BRIEF AND SUPPLEMENTAL EXCERPTS OF RECORD**

---

LAURA L. HO (CA SBN 173179)
LHO@GBDHLEGAL.COM
BARRY GOLDSTEIN, OF COUNSEL (CA SBN 141868)
BGOLDSTEIN@GBDHLEGAL.COM
JAMES P. KAN (CA SBN 240749)
JKAN@GBDHLEGAL.COM
BYRON GOLDSTEIN (CA SBN 289306)
BRGOLDSTEIN@GBDHLEGAL.COM
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 GRAND AVENUE, SUITE 900
OAKLAND, CA 94612
TEL: (510) 763-9800
FAX: (510) 835-1417

*COUNSEL FOR PLAINTIFFS-APPELLEES*
*(Attorney information continued on next page)*

901378.8

Laura Salerno Owens, OSB #076230
laurasalerno@markowitzherbold.com
David B. Markowitz, OSB #742046
davidmarkowitz@markowitzherbold.com
Harry B. Wilson, OSB #077214
HarryWilson@markowitzherbold.com
Kathryn P. Roberts, OSB #064854
kathrynroberts@markowitzherbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Tel:   (503) 295-3085
Fax:  (503) 323-9105

Craig Ackermann (CA SBN 229832)
cja@ackermanntilajef.com
Brian Denlinger (WA SBN 53177)
bd@ackermanntilajef.com
Ackermann & Tilajef PC
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:   (310) 277-0614
Fax:  (310) 277-0635

India Lin Bodien
india@indialinbodienlaw.com
INDIA LIN BODIEN, ATTORNEY AT LAW
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:   (253) 503-1672
Fax:  (253) 276-0081

Counsel for Plaintiffs-Appellees

901378.8

## I. INTRODUCTION AND SUMMARY

Plaintiffs-Appellees ("Plaintiffs") are yet again forced to correct misrepresentations and omissions made by Nike. This time in its "Motion To Continue Sealing of Plaintiffs' Answering Brief and Supplemental Excerpts of Record" ("Nike's Motion"), Nike misleads the Court regarding Plaintiffs-Appellees' position about redactions to their Answering Brief and Supplemental Excerpts of Record ("SER").

Just days after filing the Answering Brief and SER, Plaintiffs commenced a several weeks' long meet and confer process with Nike about appropriate redactions to these documents consistent with this Court's Stay Order. The Parties agree about the limited number of redactions that should apply to these filings. In fact, Plaintiffs proposed virtually identical redactions as sought by Nike's Motion – a day before Nike filed its motion. Throughout this process, Plaintiffs have not shared either their Answering Brief or SER with the Media-Intervenors in compliance with the Court's Stay Order.

Nike's motion, however, falsely accuses Plaintiffs of seeking to unseal their Answering Brief and SER and then makes the baseless allegation that Plaintiffs seek to "make an end-run" around this Court's Stay Order thereby trying to "effectively resolve" the appeal. Plaintiffs have done the exact opposite and Nike knows this.

1

901378.8

Plaintiffs' Answering Brief and SER, with redactions proposed and agreed upon by Nike and Plaintiffs, should be publicly filed without further delay.

II. **SINCE PLAINTIFFS AND NIKE AGREE THAT THE ANSWERING BRIEF AND SUPPLEMENTAL EXCERPTS OF RECORD MAY BE UNSEALED WITH LIMITED REDACTIONS THIS MOTION SHOULD BE DENIED AS MOOT AND NIKE'S MISREPRESENTATIONS REGARDING THE PLAINTIFFS' POSITIONS SHOULD BE REJECTED.**

A. **Contrary to Nike's Gross Misrepresentations the Plaintiffs Have Attempted To Reach Agreement with Nike Regarding Appropriate Redactions that Are Consistent with the Court's Stay and Preserve the Issues Presented on Appeal.**

In its "Motion To Continue Sealing of Plaintiffs' Answering Brief and Supplemental Excerpts of Record" ("Nike's Motion"), Nike makes the misleading statement that in filing the Answering Brief, the "Plaintiffs now submit a brief seeking to unseal their entire Answering Brief and SER [Supplemental Excerpts of Record]." Nike's Mot. at 2. Nike doubled down on its misrepresentations by asserting that Plaintiffs were attempting to "make an end-run of the" Ninth Circuit's Stay Order and "effectively resolve" this appeal prior to decision. *Id.* In fact, the Plaintiffs were attempting to do just the opposite as Nike well knew.

Plaintiffs filed their Brief and SER under seal and did not share the documents with the Media Intervenors.[1] Plaintiffs filed the documents under seal

---

[1] In response to an inquiry from Nike's counsel Plaintiffs' counsel confirmed that the Answering Brief and the SER were not shared with the Media Intervenors. Declaration of James P. Kan filed in Support of this Response ("Kan Decl.") ¶ 4.

2

901378.8

in order to assure compliance with this Court's Order staying the "district court's January 5, 2024 order" unsealing judicial records. Order, Dkt. No. 12.1. The January 5th Order, ECF No. 403, adopted the Findings and Recommendation, ECF No. 363, which granted the motion requesting that the "unredact[ing]" of names on certain discrimination complaints including complainants, witnesses and alleged harassers and discriminators. Kan Decl. ¶¶ 5-6, Exs. A & B.

In compliance with Circuit Rule 27-13, Plaintiffs filed a Notice of Intent to Unseal (Form 20) because Nike was the party that had designated as confidential certain information and documents reflected in Plaintiffs' Answering Brief and SER Volume 2. Plaintiffs always intended to and, in fact, did meet and confer with Nike to determine appropriate redactions of Plaintiffs' filings – consistent with this Court's Order staying the unsealing of judicial records.

On April 26, 2024, two days after the Answering Brief was filed, counsel for the Media Intervenors, Ms. Townsend, emailed counsel for Plaintiffs and asked if Plaintiffs "intend to file a redacted, public version" of the Brief. Kan Decl. ¶ 7 & Ex. C (emphasis added). On the same day, Plaintiffs' counsel, copying Nike's counsel, confirmed that they intended to file a "redacted" version but that they wanted to be "very careful" and would only file a "redacted copy once [they]

---

For this motion, Plaintiffs will not submit copies of related email or letter correspondence that contain information designated confidential to avoid another round of unnecessary sealing motions.

3

901378.8

conferred with Nike." Kan Decl. ¶ 8 & Ex. D. Shortly thereafter, on April 29, Plaintiffs emailed Nike with copies of the Answering Brief and SER with proposed redactions. Kan Decl. ¶ 9 & Ex. E. On May 1, Nike responded that they were fine with Plaintiffs' proposed redactions but raised a few details. Kan Decl. ¶ 10. Mr. Kan replied by email, May 8, that Plaintiffs would submit further proposed redacted documents after making some modifications to the filings ordered by the Ninth Circuit, modifications requested by Nike and implementing the parties' agreement to limited redactions with respect to a recent deposition. Kan Decl. at ¶ 11.

On May 14, Plaintiffs' sent an email with what was anticipated to be a final set of proposed redactions. Kan Decl. ¶ 12 & Ex. F. Plaintiffs worked diligently to prepare documents with proposed redactions not only to resolve the confidentiality issue amicably but also to assure that that any filed documents were consistent with the Stay Order issued by the Ninth Circuit. Finally, Plaintiffs proposed redactions that, to the extent possible in light of the Stay Order, complied with this Court's "strong presumption in favor of public access to documents." Local Rule 27-13(a).

Nike never provided Plaintiffs with the courtesy of a reply to their proposed redactions to the Answering Brief and SER, which were sent on May 14. Kan Decl. ¶ 13. Rather, on May 15, Nike filed its Motion. Along with its Motion, Nike

4

901378.8

submitted copies of Plaintiffs' Answering Brief and SER with redactions that Nike represented were suitable for filing with the Court. Nike's Mot. at 4; Prince Decl. ¶ 3, Dkt. 47. With the exception of three minor additions, these documents reflected the exact same redactions proposed by Plaintiffs on May 14. See section II.B, *infra*. Remarkably, in neither its Motion nor its supporting Declaration does Nike inform the Court that these documents were virtually identical to Plaintiffs' proposal shared the day prior. It is indefensible for Nike to have accused Plaintiffs of attempting to "end-run" this Court's Stay Order when Nike well knew that Plaintiffs did the exact opposite by proposing the very same redactions as Nike. It is equally indefensible for Nike to fail to inform the court that Plaintiffs diligently and repeatedly conferred with Nike in order to attempt resolve the confidentiality issue and asserting that Plaintiffs, contrary to the facts, were attempting evade compliance with the applicable confidentiality Order.

**B.** **Given the Agreement Between Plaintiffs and Nike that the Redacted Documents Attached to Nike's Motion Are Appropriate, the Redacted Documents Should Be Publicly Filed.**

Nike's motion appears to ask the Court to seal Plaintiffs' brief and SER in their entirety despite admitting that only a limited universe of redactions are needed. Plaintiffs have consistently maintained that Nike's proposed redactions to Plaintiffs' filings are acceptable and redacted copies of the documents should be publicly filed. Nike, after filing its Motion, now agrees with Plaintiffs. Thus,

5

901378.8

Plaintiffs' Answering Brief and SER, redacted as proposed by Nike and Plaintiffs, should be immediately filed in the public docket of this Court.

There is no dispute between Nike and Plaintiffs with respect to these documents. In the Declaration of Daniel Prince, at paragraph 3, Dkt. 47, Mr. Prince represents that Exhibit A to that Declaration is "Nike's proposed redactions to Plaintiffs' Answering Brief and Supplemental Excerpts of Record." Nike asserts that these "narrowly tailored redactions to Plaintiffs' Answering Brief and SER protect the subject matter of this appeal and appropriately balance the public's interest in access to these materials." Nike's Mot. at 4.

Plaintiffs agree. In fact, Plaintiffs prepared and provided these same redactions (with three minor exceptions) to Nike for these very purposes.

After receiving Nike's Motion, Plaintiffs compared the redacted copies of the Answering Brief and SER contained in Exhibit A to the Prince Declaration to the proposed redacted documents that Plaintiffs had sent on May 14 to Nike. As described in a May 17 email to Nike's counsel, Plaintiffs found only one minor change in Answering Brief and a single added redaction in the SER. Kan Decl. ¶ 14. Plaintiffs asked Nike to indicate if there were any additional changes. *Id.* Nike responded on the same day indicating that there was only one other redaction in the SER. Kan Decl. ¶ 15. Plaintiffs' counsel responded immediately and informed Nike that these changes are "fine with Plaintiffs" and that "Plaintiffs and

6

901378.8

Nike are in agreement as to the appropriate redactions for the Answering Brief and SER." Kan Decl. ¶ 16.

Plaintiffs diligently conferred with Nike over a several week period in order to agree to mutually acceptable redacted documents. Inexplicably, at the end of this process, Nike ceased communicating with Plaintiffs and submitted to this Court redacted documents that it misrepresented as documents that Plaintiffs opposed, which they plainly do not.

Despite the repeated misrepresentations made by Nike in its Motion and given the absence of any true dispute between the parties, Plaintiffs continued to ask Nike to reconsider its position and agree to publicly file Plaintiffs' filings with the agreed upon redactions. Just prior to the filing of this answering brief, Nike appears to now agree to file redacted versions of Plaintiffs' Answering Brief and SER (as approved and proposed by Nike and Plaintiffs) but subject to possible conditions. Kan Decl. at ¶ 17. Plaintiffs' Answering Brief and SER, as redacted by Nike and Plaintiffs, should be immediately filed on this Court's docket so that the Media-Intervenors and broader public may access the parts of Plaintiffs' filings that indisputably are not confidential or otherwise require sealing.[2]

---

[2] Plaintiffs disagree with legal arguments presented in Nike's Motion. However, given that the Motion is moot it is unnecessary to address those arguments and, in any event, Plaintiffs expect that, in their Response, the Media Intervenors will reply to Nike's legal errors. Moreover, in addition to the misrepresentations set

7

901378.8

## III. CONCLUSION

For the reasons set forth above, the Court should permit Plaintiffs to promptly file public copies of the Plaintiffs' Answering Brief and SER as redacted in Exhibit A to the Prince Declaration.

Dated: May 28, 2024

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

 /s/ Barry Goldstein
Laura L. Ho
Barry Goldstein, Of Counsel
James P. Kan
Byron Goldstein

MARKOWITZ HERBOLD PC
David B. Markowitz
Harry B. Wilson
Laura Salerno Owens
Kathryn P. Roberts

ACKERMANN & TILAJEF PC
Craig Ackerman
Brian Denlinger

INDIA LIN BODIEN, ATTORNEY AT LAW
India Lin Bodien

Attorneys for Plaintiffs-Appellees

---

forth above, Nike's Motion makes numerous other misrepresentations. For example, Nike asserts that the discrimination complaints at issue are unverified and irrelevant. In the Answering Brief, Plaintiffs demonstrate that, contrary to Nike's assertions, there is substantial evidence supporting and verifying the validity of the complaints and that these complaints are relevant to showing Nike's discriminatory and unlawful conduct. Again, it is unnecessary to respond to all of Nike's misrepresentations since the Motion is moot.

8

901378.8

# CERTIFICATE OF COMPLIANCE

I certify that this Plaintiffs-Appellees' Response to Defendant-Petitioner (Sic) Nike, Inc.'s Motion to Continue Sealing of Plaintiff's Answering Brief and Supplemental Excerpts of Record complies with the length limitation of Ninth Circuit Rule 27-1(1)(d) because it does not exceed 20 pages.

This Response complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1) because it has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman in 14-point font.

Dated: May 28, 2024              Respectfully submitted,

                                 GOLDSTEIN, BORGEN, DARDARIAN & HO

                                  */s/ Barry Goldstein*
                                 Laura L. Ho
                                 Barry Goldstein, Of Counsel
                                 James P. Kan
                                 Byron Goldstein

                                 Attorneys for Plaintiffs-Appellees

9

901378.8

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2024 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and hence service will be accomplished via the appellate CM/ECF system.

Dated: May 28, 2024

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Barry Goldstein*
Laura L. Ho
Barry Goldstein, Of Counsel
James P. Kan
Byron Goldstein

Attorneys for Plaintiffs-Appellees

10

901378.8