Case No. 24-165

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

KELLY CAHILL, ET AL.,
*Plaintiffs-Appellees,*

*vs.*

NON-PARTY MEDIA ORGANIZATIONS INSIDER INC.,
d/b/a BUSINESS INSIDER, ET AL
*Media Intervenors-Appellees,*

NIKE, INC.,
*Defendant-Appellant.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON
CASE NO. 3:18-CV-01477-JR
HON. MARCO H. HERNANDEZ, UNITED STATES DISTRICT JUDGE

**DECLARATION OF JAMES KAN IN SUPPORT OF PLAINTIFFS-APPELLEES' RESPONSE TO DEFENDANT-PETITIONER (SIC) NIKE, INC.'S MOTION TO CONTINUE SEALING OF PLAINTIFF'S ANSWERING BRIEF AND SUPPLEMENTAL EXCERPTS OF RECORD**

LAURA L. HO (CA SBN 173179)
LHO@GBDHLEGAL.COM
BARRY GOLDSTEIN, OF COUNSEL (CA SBN 141868)
BGOLDSTEIN@GBDHLEGAL.COM
JAMES P. KAN (CA SBN 240749)
JKAN@GBDHLEGAL.COM
BYRON GOLDSTEIN (CA SBN 289306)
BRGOLDSTEIN@GBDHLEGAL.COM
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 GRAND AVENUE, SUITE 900
OAKLAND, CA 94612
TEL: (510) 763-9800
FAX: (510) 835-1417

*COUNSEL FOR PLAINTIFFS-APPELLEES*
*(Attorney information continued on next page)*

LAURA SALERNO OWENS, OSB #076230
LAURASALERNO@MARKOWITZHERBOLD.COM
DAVID B. MARKOWITZ, OSB #742046
DAVIDMARKOWITZ@MARKOWITZHERBOLD.COM
HARRY B. WILSON, OSB #077214
HARRYWILSON@MARKOWITZHERBOLD.COM
KATHRYN P. ROBERTS, OSB #064854
KATHRYNROBERTS@MARKOWITZHERBOLD.COM
MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR 97201
TEL:   (503) 295-3085
FAX:   (503) 323-9105

CRAIG ACKERMANN (CA SBN 229832)
CJA@ACKERMANNTILAJEF.COM
BRIAN DENLINGER (WA SBN 53177)
BD@ACKERMANNTILAJEF.COM
ACKERMANN & TILAJEF PC
1180 S BEVERLY DRIVE, SUITE 610
LOS ANGELES, CA 90035
TEL:   (310) 277-0614
FAX:   (310) 277-0635

INDIA LIN BODIEN
INDIA@INDIALINBODIENLAW.COM
INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET, #387
TACOMA, WA 98406-5338
TEL:   (253) 503-1672
FAX:   (253) 276-0081

COUNSEL FOR PLAINTIFFS-APPELLEES

I, James Kan, declare as follows:

1.      I am one of the attorneys representing Plaintiffs-Appellees Kelly Cahill, et al., on this appeal.

2.      I submit this declaration in support of Plaintiffs-Appellees' Response to Defendant-Petitioner (sic) Nike, Inc.'s Motion To Continue Sealing of Plaintiffs' Answering Brief and Supplemental Excerpts of Record.

3.      As used herein, "ECF" means the United States District Court's Electronic Case Files system. ECF numbers referred to herein are docket entries made in *Cahill v. Nike, Inc.*, Case No. 3:18-cv-01477-JR, in the United States Court for the District of Oregon.

4.      On May 8, 2024, in response to an inquiry from Nike's counsel, Plaintiffs' counsel confirmed that the Answering Brief and the SER were not shared with the Media Intervenors.

5.      Attached as **Exhibit A**  is a true and correct copy of ECF No. 403, Order of District Court, January 5, 2024.

6.      Attached as **Exhibit B**  is a true and correct copy of ECF No. 363, Findings and Recommendation of the Magistrate Judge, October 11, 2023.

7.      On April 26, 2024, two days after the Answering Brief was filed, counsel for the Media Intervenors, Ms. Townsend, emailed counsel for Plaintiffs and asked if Plaintiffs "intended to file a redacted, public version" of the Brief.

1

Attached as **Exhibit C** is a true and correct copy of an email, dated April 26, 2024, from Katie Townsend, counsel for Media Intervenors, to counsel for all parties.

8.     On the same day, Plaintiffs' counsel, copying Nike's counsel, confirmed that they intended to file a "redacted" version but that they wanted to be "very careful" and would only file a "redacted copy once [they] conferred with Nike." Attached as **Exhibit D** is a true and correct copy of an email, dated April 26, 2024, from Barry Goldstein, counsel for Plaintiffs, to Katie Townsend, counsel for Media Intervenors, with copies to counsel for all the parties.

9.     Shortly thereafter, on April 29, Plaintiffs emailed Nike with copies of the Answering Brief and SER with proposed redactions. Attached as **Exhibit E** is a true and correct copy of an email (without attachments), dated April 29, 2024, from James Kan, counsel for Plaintiffs, to Felicia Davis and Daniel Prince, counsel for Nike.

10.    On May 1, Nike responded that they were fine with Plaintiffs' proposed redactions but raised a few details.

11.    On May 8, Plaintiffs responded that they would share further proposed redacted documents after making some modifications to the filings ordered by the Ninth Circuit, modifications requested by Nike and implementing the parties' agreement to limited redactions with respect to a recent deposition.

2

12.     On May 14, 2024, Plaintiffs' emailed Nike with what was anticipated to be a final set of proposed redactions.  Attached as **Exhibit F**  is a true and correct of an email (without attachments), dated May 14, 2024, from James Kan, counsel for Plaintiffs, to Felicia Davis and Daniel Prince, counsel for Nike.

13.     Nike never provided Plaintiffs with the courtesy of a reply to their proposed redactions to the Answering Brief and SER, which were sent on May 14.

14.     On May 17, 2024, Plaintiffs' emailed Nike's counsel asking if Nike had made any additional redactions to Plaintiffs' proposed redactions other than one minor change in Answering Brief and a single added redaction in the SER identified by Plaintiffs.

15.     On May 17, 2024, Nike responded that there was only one other redaction in the SER.

16.     On May 17, 2024, Plaintiffs responded that these changes were fine with Plaintiffs and confirmed Nike and Plaintiffs' agreed as to the appropriate redactions for the Answering Brief and SER.

17.     On May 24, 2024, Plaintiffs sought to confirm by email that Nike agreed to the public filing of redacted versions of Plaintiffs' Answering Brief and SER (Volume 2), and if so, whether that agreement was subject to any conditions. Nike did not respond prior to Plaintiffs filing the instant Answering Brief.

901335.6

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of May, 2024 in Pleasant Hill, California.


    /s/ James P. Kan
    James P. Kan

901335.6

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY CAHILL, SARA JOHNSTON,                    No. 3:18-cv-01477-JR
LINDSAY ELIZABETH, and HEATHER
HENDER, individually and on behalf of           ORDER
others similarly situated,

        Plaintiffs,

        v.

NIKE, INC., an Oregon Corporation,

        Defendant.

HERNÁNDEZ, District Judge,

        Magistrate Judge Jolie A. Russo issued a Findings and Recommendation on October 11,

2023, in which she recommends that the Court grant the Media Intervenors' renewed Motion to

Unseal Judicial Records and order various exhibits to be unredacted. ECF 363.

        On October 25, 2023, Defendant filed objections to the Findings and Recommendation,

ECF 376. The matter is now before the Court pursuant to Federal Rule of Civil Procedure 72(a).

1 - ORDER

In accordance with Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). The standard of review for an order with objections is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A) (applying the "clearly erroneous or contrary to law" standard of review for non-dispositive motions). If a ruling on a motion is not determinative of "a party's claim or defense," it is not dispositive and, therefore, is not subject to *de novo* review.[1]

The Court has carefully considered Defendant's objections and concludes they do not provide a basis to modify the Findings and Recommendation.

## CONCLUSION

The Court adopts Magistrate Judge Russo's Findings and Recommendation, ECF 363. Accordingly, the Court GRANTS the Media Intervenors' Motion to Unseal Judicial Records and ORDERS the following exhibits to be unredacted: Exhibit 46 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification, Exhibit 47 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification, Exhibit 48 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification, Exhibit 51 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification, Exhibit 52 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification, Paragraph 16 of the Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class

---

[1] Although Judge Russo issued her decision as a Findings and Recommendation, it decides a pretrial matter not dispositive of a party's claim or defense. Accordingly, the Court evaluates Judge Russo's decision under the clearly erroneous or contrary to law standard.

Certification, and Exhibit 9 to the Declaration of Byron Goldstein in Support of Plaintiffs'

Motion for Class Certification.

IT IS SO ORDERED.


DATED:   January 5, 2024


_____
        MARCO A. HERNÁNDEZ
        United States District Judge


3 - ORDER

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY CAHILL, SARA JOHNSTON,
LINDSAY ELIZABETH, and HEATHER
HENDER, individually and on behalf of
others similarly situated,

                    Plaintiffs,

    v.

NIKE, INC., an Oregon Corporation,

                    Defendant.

_____

Case No. 3:18-cv-01477-JR

FINDINGS AND
RECOMMENDATION

RUSSO, Magistrate Judge:

Named plaintiffs Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender brought this action seeking class action status alleging that defendant Nike systematically discriminates against them and other similarly situated women regarding salary and promotions. Several additional plaintiffs filed consents to join this action. During the pendency of plaintiffs' motion for class certification, defendant sought to seal certain portions of the documents filed in relation to the motion. At that time, a group of non-party media organizations, moved to intervene seeking access to sealed documents in the case. The Court granted the motion to seal in part. The Court also granted the motion to intervene for the limited purpose of challenging the parties'

Page 1 – FINDINGS AND RECOMMENDATION

stipulated redactions in regard to the briefing surrounding plaintiffs' motion for class certification. However, the Court denied intervenor's request for further briefing and to unseal or access documents produced under the protective order in place in the case. Nonetheless, the Court invited the media organizations to file a renewed motion for the purpose of opposing any remaining stipulated redactions following final resolution of the motion for class certification. The motion to certify has been denied and the media organizations now move to unredact the following documents:

• Exhibit 46 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification. ECF No. 284-6.

• Exhibit 47 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification. ECF No. 284-7.

• Exhibit 48 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification. ECF No. 284-8.

• Exhibit 51 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification. ECF No. 285-1.

• Exhibit 52 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification. ECF No. 285-2.

• Paragraph 16 of the Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class Certification. ECF No. 288.

• Exhibit 9 to the Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class Certification. ECF No. 290-4.[1]

---

[1] Defendant does not object to unredacting contents of the complaints in this document but maintains that redactions of the names of individuals listed as complainants, witnesses, and subjects of the complaints must remain. Plaintiffs support the motion to unseal.

Page 2 – FINDINGS AND RECOMMENDATION

For the reasons stated below, the motion is granted.

DISCUSSION

The redactions at issue involve the names of those making workplace complaints along with the names of the witnesses and subjects of and to the complaints.

The press and the public have a "general right to inspect and copy public records and documents, including judicial records." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). There is a strong presumption in favor of access to court records that "can be overridden given sufficiently compelling reasons for doing so." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). However, with respect to judicial records filed in relation to non-dispositive motions, a more lenient standard applies when seeking to seal records. In re Midland Nat'l Life Ins. Co. Annuity Sales Prac. Litig., 686 F.3d 1115, 1119 (9th Cir. 2012). In such situations, under Fed. R. Civ. P. 26(c), the party seeking to seal need only demonstrate "good cause." Id.

Thus, the applicable standard depends on the document's relationship to the merits of the plaintiff's claims. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-99 (9th Cir. 2016) (the focus is on whether the material "at issue is more than tangentially related to the underlying cause of action"). Under the "compelling reasons" standard, the party seeking to seal or redact a judicial record bears the burden of showing that compelling reasons supported by specific factual findings outweigh the presumption of access and the public policies favoring disclosure. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The "good cause" standard, in contrast, requires only a showing that "specific prejudice or harm will result." Phillips ex rel. Est. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Page 3 – FINDINGS AND RECOMMENDATION

The parties disagree over which standard applies with respect to the documents at issue. Defendant asserts the motion to certify is nondispositive and therefore the documents filed in support of the motion are merely subject to the good cause standard. Certainly, the complaints regarding pay disparities and harassment can be significant in an attempt to demonstrate class status. See, e.g., Kassman v. KPMG LLP, 416 F. Supp. 3d 252, 281 (S.D. N.Y. 2018) (quoting Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 336 (1977)) (Plaintiff's may demonstrate commonality in a disparate treatment claim via evidence of a "systemwide pattern or practice" of pervasive discrimination against the class, such that the discrimination is "the regular rather than the unusual practice." ).

Plaintiffs use of the complaints, while insufficient to demonstrate a company-wide policy rather than individualized hiring manager decisions, formed a crucial part of their motion. Public access to filed motions and their attachments does not merely depend on whether the motion is technically "dispositive," rather, access turns on whether the motion is more than tangentially related to the merits of a case. Ctr. for Auto Safety, 809 F.3d at 1101 (9th Cir. 2016). Here, such evidence may also go to the merits of the disparate impact claim itself. Generally, courts within this circuit apply the compelling reasons standard to motions to seal documents relating to class certification. See Adtrader, Inc. v. Google LLC, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases). The evidence sought to be unsealed, as noted, relates to commonality and for purposes of plaintiffs' disparate impact claims, proof of commonality overlaps with the merits because both look at the reason for a particular employment decision. See, e.g., Cooper v. Fed. Rsrv. Bank of Richmond, 467 U.S. 867, 876 (1984). Accordingly, defendant must show compelling reasons to continue redaction of the names of those making workplace complaints along with the names of the witnesses and subjects of and to the complaints.

Page 4 – FINDINGS AND RECOMMENDATION

Defendant asserts that the privacy interests of third parties in the complaints, especially those made by anonymous complainants rebuts any presumption of public access. Defendant maintains unredacting the names would have a chilling effect on confidential reporting in the workplace and cause reputational damage to the subjects of the complaints especially if the complaints have been unsubstantiated. In addition, defendant asserts revealing the names of witnesses identified in the complaints may expose those witnesses to unwanted attention or ridicule. Finally, defendant asserts the public will reap no additional benefit from revealing the names beyond what they already may glean from the substance of the previously revealed documents.

Defendant largely relies on generalized assertions of purported compelling reasons to redact the names and only once specifically refers to a complaint in which the complainant is not identified. However, the proponent of redactions must provide concrete examples rather than broad conclusory allegations of harm. Foltz, 331 F.3d at 1130–31.

The names included in the documents involve Nike employees and actions that plaintiffs allege demonstrate gender discrimination and harassment by Nike itself. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. Kamakana, 447 F.3d at 1179. In addition, the desire for privacy is not a compelling reason sufficient to outweigh the public's interest in disclosure. Bracken v. Fla. League of Cities, 2019 WL 1867921, at *4 (D. Or. Apr. 24, 2019).

To the extent the individuals identified in the complaints are third parties, the public has an interest and right to access the documents that bear on plaintiffs' claims even if those documents identify non-parties to the litigation. Price v. Equilon Enterprises LLC, 2012 WL 12846100, at *1

Page 5 – FINDINGS AND RECOMMENDATION

(W.D. Wash. Nov. 20, 2012). The identity of Nike employees engaged in the very behavior plaintiffs assert resulted in discrimination certainly bear on plaintiffs' claims. The identity of complainants and witnesses similarly relate to issues going to the merits and credibility of plaintiffs' claims. Accordingly, the intervenors' motion to unseal judicial records is granted.

<u>RECOMMENDATION</u>

The Media Intervenors' renewed motion to unseal judicial records (ECF <u>343</u>) should be granted and the following exhibits should be unredacted: Exhibit 46 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification (ECF No. <u>284-6</u>); Exhibit 47 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification (ECF No. <u>284-7</u>); Exhibit 48 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification. ECF No. <u>284-8</u>); Exhibit 51 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification (ECF No. <u>285-1</u>); Exhibit 52 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification (ECF No. <u>285-2</u>); Paragraph 16 of the Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class Certification (ECF No. <u>288</u>); and Exhibit 9 to the Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class Certification (ECF No. <u>290-4</u>).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's

right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 11th day of October, 2023.


_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge

# EXHIBIT C

| | |
|---|---|
| **From:** | Katie Townsend <ktownsend@rcfp.org> |
| **Sent:** | Friday, April 26, 2024 6:07 AM |
| **To:** | Edwin Harnden |
| **Cc:** | Bruce Garrett; danielprince@paulhastings.com; feliciadavis@paulhastings.com; Laura Ho; Barry Goldstein; James Kan; Byron Goldstein; David Markowitz; Harry Wilson; delkanich@buchalter.com; Brian Denlinger; all@ackermanntilajef.com; laura.rosenbaum@stoel.com; india Bodien; Lisa Zycherman; Julia Dacy |
| **Subject:** | Cahill, et al. v. NIKE - 9th Cir. Case No. 24-0165 |

Plaintiffs-Appellees' counsel: Do you intend to file a redacted, public version of your answering brief in the above-captioned appeal? While we see on the docket that you filed a notice of intent to unseal the answering brief that you filed provisionally under seal, Media Intervenors-Appellees have no access to any portion of that brief in the interim. We, of course, need access to all the arguments being made by the parties in this appeal, and I can't imagine that any party takes the position that the entirety of your answering brief needs to be sealed.

Please advise at your earliest convenience.

Thank you,
Katie



Katie Townsend
Deputy Executive Director & Legal Director
ktownsend@rcfp.org · (202) 795-9303 · @katie_rcfp

# EXHIBIT D

| | |
|---|---|
| **From:** | Barry Goldstein |
| **Sent:** | Friday, April 26, 2024 11:00 AM |
| **To:** | ktownsend@rcfp.org; Edwin Harnden |
| **Cc:** | Bruce Garrett; danielprince@paulhastings.com; feliciadavis@paulhastings.com; Laura Ho; James Kan; Byron Goldstein; David Markowitz; Harry Wilson; delkanich@buchalter.com; Brian Denlinger; all@ackermanntilajef.com; laura.rosenbaum@stoel.com; india Bodien; Lisa Zycherman; Julia Dacy |
| **Subject:** | RE: Cahill, et al. v. NIKE - 9th Cir. Case No. 24-0165 |

Ms. Townsend, we appreciate your concern. We are considering how best to proceed as we do understand that, as a party to the appeal, you should have access to the arguments that are made before the Ninth Circuit. We are being very careful with respect to this matter given the contentious positions that have been asserted in various filings. One problematic issue is that in the Brief we rely upon a deposition that was taken on March 1, 2024. Currently, the deposition has a Confidential and/or Attorneys' Eyes Only designation; the parties are in a meet and confer process but there is significant disagreement about whether and to what extent a confidential designation should apply.  We will endeavor to serve a redacted copy once we have conferred with Nike.


Best,
*Barry*

---

**From:** Katie Townsend <ktownsend@rcfp.org>
**Sent:** Friday, April 26, 2024 6:07 AM
**To:** Edwin Harnden <EHarnden@barran.com>
**Cc:** Bruce Garrett <bgarrett@barran.com>; danielprince@paulhastings.com; feliciadavis@paulhastings.com; Laura Ho <lho@gbdhlegal.com>; Barry Goldstein <bgoldstein@gbdhlegal.com>; James Kan <jkan@gbdhlegal.com>; Byron Goldstein <brgoldstein@gbdhlegal.com>; David Markowitz <davidmarkowitz@markowitzherbold.com>; Harry Wilson <harrywilson@markowitzherbold.com>; delkanich@buchalter.com; Brian Denlinger <bd@ackermanntilajef.com>; all@ackermanntilajef.com; laura.rosenbaum@stoel.com; india Bodien <india@indialinbodienlaw.com>; Lisa Zycherman <lzycherman@rcfp.org>; Julia Dacy <jdacy@rcfp.org>
**Subject:** Cahill, et al. v. NIKE - 9th Cir. Case No. 24-0165

Plaintiffs-Appellees' counsel: Do you intend to file a redacted, public version of your answering brief in the above-captioned appeal? While we see on the docket that you filed a notice of intent to unseal the answering brief that you filed provisionally under seal, Media Intervenors-Appellees have no access to any portion of that brief in the interim. We, of course, need access to all the arguments being made by the parties in this appeal, and I can't imagine that any party takes the position that the entirety of your answering brief needs to be sealed.

Please advise at your earliest convenience.

Thank you,
Katie

 Katie Townsend
Deputy Executive Director & Legal Director
ktownsend@rcfp.org · (202) 795-9303 · @katie_rcfp

# EXHIBIT E

| | |
|---|---|
| **From:** | James Kan |
| **Sent:** | Monday, April 29, 2024 9:30 AM |
| **To:** | Davis, Felicia A.; danielprince@paulhastings.com |
| **Cc:** | Byron Goldstein; Barry Goldstein; James Kan |
| **Subject:** | Nike - Plaintiffs'-Appellees' proposed redacted filings |
| **Attachments:** | CahillSER Vol 2 - Ps' proposed redactions 4.29.24.pdf; Plaintiff Appellees Answering Brief SEALED - Ps' proposed redactions.pdf |

Dear Felicia and Daniel,

Related to the Strong designations, attached are our proposed redactions to Plaintiffs-Appellees' Answering Brief and SER. We based our redactions upon Nike's designations by letter (it is our understanding that Nike did not seek to designate any portions of the Long deposition as confidential but let us know if we missed that letter) and what was publicly refiled before the district court. All Strong testimony is redacted as per Nike's current designations (challenged by us as discussed by Barry's email below).

Please let us know by close of business Wednesday, May 1, if you approve. We are available to discuss any issues by phone between now and then. We need to finalize these redactions this week to ensure that the media intervenors-appellees promptly receive a redacted copy of the filing. Thanks.

James

---

**From:** Barry Goldstein <bgoldstein@gbdhlegal.com>
**Sent:** Friday, April 26, 2024 2:43 PM
**To:** Davis, Felicia A. <feliciadavis@paulhastings.com>
**Cc:** danielprince@paulhastings.com; James Kan <jkan@gbdhlegal.com>; Byron Goldstein <brgoldstein@gbdhlegal.com>
**Subject:** Confidential designations

Felicia, I think that we have reached an impasse regarding the scope of the confidential designations for the Strong deposition transcript. We have set forth our views in detail in letters dated, March 19, 28 and April 3. We proposed limited redactions consistent with the 9th Circuit Order entered, January 19, staying the unsealing ruling in the District Court. you have rejected our proposal and we rejected the proposal that you had made in a letter, dated, April 1. Even though it definitely appears that we have reached an impasse, we will wait until May 1 to send a notice pursuant to paragraph 4 of the Protective Order, ECF No. 82, commencing the period for requesting resolution by the Court. I am available later this afternoon, Monday or Tuesday to discuss this matter if you would like.

Barry

**We've moved! Please take note of our new address, below.**

Barry Goldstein, Of Counsel
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA 94612

1

(510) 763-9800
(510) 835-1417 fax
www.gbdhlegal.com

Please Note:
The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.
Thank you.

# EXHIBIT F

**From:** James Kan
**Sent:** Tuesday, May 14, 2024 1:39 PM
**To:** feliciadavis@paulhastings.com; Prince, Daniel
**Cc:** James Kan; Barry Goldstein; Byron Goldstein
**Subject:** Nike - revised redactions regarding Plaintiffs' 9th Circuit briefing
**Attachments:** Plaintiff Appellees Answering Brief SEALED v2 - redactions 5.10.24.pdf; CahillSER Vol 2 rev - redactions 5.14.24.pdf

Dear Felicia and Daniel,

Attached please find updated redactions for Plaintiffs' answering brief and SER that were filed with the 9th Circuit.  These documents reflect the revised copies that were re-filed and accepted by the court last week.  Furthermore, I've updated the redactions regarding the Strong deposition to align with the parties' recent agreement to limited redactions (during the pendency of the appeal).

Please let us know if you have any questions.  Thanks.

James

James Kan
(pronouns: he/him)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA 94612
(510) 763-9800



Please Note:

The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored.