*No. 24-165*
_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

**KELLY CAHILL, ET AL.,**

*Plaintiffs-Respondents*,

and

**NON-PARTY MEDIA ORGANIZATIONS INSIDER INC., D/B/A BUSINESS INSIDER, ET AL.,**

*Non-Party Media Orgs.-Respondents*,

v.

**NIKE, INC.,**

*Defendant-Petitioner*.
_____

On Appeal from the United States District Court for the District of Oregon
Hon. Marco A. Hernández
Case No. 3:18-cv-01477-JR
_____

**DEFENDANT-PETITIONER NIKE, INC.'S REPLY IN SUPPORT OF NIKE, INC.'S MOTION TO CONDITIONALLY SEAL DISPOSITION UNDER CIRCUIT RULE 27-13(j)**
_____

Daniel Prince, CA Bar No. 237112
Felicia A. Davis, CA Bar No. 266523
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Email: danielprince@paulhastings.com
Email: feliciadavis@paulhastings.com

Attorneys for *Defendant-Petitioner*
NIKE, INC.

## CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rule of Appellate Procedure 26.1, Defendant-Petitioner NIKE, Inc. states that it has no parent corporation and that no publicly held corporation owns ten (10) percent or more of its stock.

## **TABLE OF CONTENTS**

Page

REPLY IN SUPPORT OF NIKE'S MOTION TO CONDITIONALLY SEAL .....1

CERTIFICATE OF SERVICE ...............................................................................3

STATEMENT OF RELATED CASE ....................................................................4

CERTIFICATE OF COMPLIANCE .....................................................................5

# TABLE OF AUTHORITIES

**RULES**

Cir. R. 27-13(j) ...................................................................................................1

## REPLY IN SUPPORT OF NIKE'S MOTION TO CONDITIONALLY SEAL

Pursuant to Circuit Rule 27-13(j), Defendant-Petitioner NIKE, Inc. ("NIKE") moved the Court to seal its disposition on the merits of this appeal if the Court rules in NIKE's favor and chooses to include the information currently under seal in the text of its disposition. NIKE files this Reply to address points made by the Media Intervenors in their Opposition.

*First,* the Media Intervenors claim that NIKE's "latest sealing motion is unnecessary and repetitive and should be denied." Dkt. No. 65.1 at 1. NIKE agrees that it is repetitive, but not that it is unnecessary. NIKE followed this Court's rules out of an abundance of caution, as it suspects the Court will not need to include the protected information in reversing the District Court below. NIKE has vigorously defended the privacy interests of its employees and does so again in adhering to the Court's rules. *See* Dkt. Nos. 23.1, 25.1, 46.1, 47.1, 48.1.

*Second,* even the Media Intervenors agree that *at least redactions* are appropriate if NIKE's Motion is granted. Dkt. No. 65.1 at 6 ("Redaction—not wholesale sealing—would be the appropriate course in that event."). Consistent with its other positions, NIKE only seeks to keep names and other identifiable information of these non-parties under seal. *See* Dkt. Nos. 23.1, 25.1, 46.1, 47.1, 48.1. If the Court wishes to do that by redactions in its opinion(s), that is fine.

1

For the reasons mentioned above, NIKE recommends that the Court seal its disposition (or portions thereof pursuant to NIKE's prior redactions) if the Court is inclined to rule in NIKE's favor on the merits of its appeal and includes the sealed information subject to this appeal in the text of its disposition.

Date: June 20, 2024

Respectfully submitted,

PAUL HASTINGS LLP

By: _____s/Daniel Prince_____
DANIEL PRINCE

By: _____s/Felicia A. Davis_____
FELICIA A. DAVIS

Attorneys for *Defendant-Petitioner*
NIKE, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that my firm electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on June 20, 2024.

I certify that counsel in the case, including Plaintiffs' counsel and counsel for The Oregonian, are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Date: June 20, 2024

Respectfully submitted,

PAUL HASTINGS LLP

By: _____*s/Daniel Prince*_____
DANIEL PRINCE

Attorneys for *Defendant-Petitioner*
NIKE, INC.

## STATEMENT OF RELATED CASE

Pursuant to Circuit Rule 28-2.6, Defendant-Petitioner NIKE certifies that Ninth Circuit Appeal No. 24-2199 is a related case because it is subsequent to the instant appeal and raises closely related issues, namely the unauthorized disclosure of the names of non-party complainants, witnesses, and alleged persons of interest identified in confidential judicial records that this Court ordered to remain sealed pending NIKE's appeal. Case No. 24-165, Dkt. No. 12.1.

Date: June 20, 2024

Respectfully submitted,

PAUL HASTINGS LLP

By: _____*s/Daniel Prince*_____
       DANIEL PRINCE

Attorneys for *Defendant-Petitioner*
NIKE, INC.

## **CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with the type-volume limitations of Fed. R. App. P. 5(c) and that this brief contains 290 words, excluding the parts of the brief exempt by Fed. R. App. P. 32(f).

I certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

Date: June 20, 2024

Respectfully submitted,

PAUL HASTINGS LLP

By: _____*s/Daniel Prince*_____
       DANIEL PRINCE

Attorneys for *Defendant-Petitioner*
NIKE, INC.