No. 24-165

_____

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

_____

KELLY CAHILL, et al.,
Plaintiffs-Appellees,

and

NON-PARTY MEDIA ORGANIZATIONS INSIDER, INC. D/B/A BUSINESS
INSIDER, et al.,
Media Intervenors-Appellees,

v.

NIKE, INC., an Oregon Corporation,
Defendant-Appellant.

_____

On Appeal from the United States District Court
for the District of Oregon, Portland
Case No. 3:18-cv-01477-JR (Hon. Marco A. Hernández)

_____

**MEDIA INTERVENORS-APPELLEES' OPPOSITION TO DEFENDANT-**
**APPELLANT'S MOTION TO CONSOLIDATE ORAL ARGUMENT ON**
**APPEALS 24-165 AND 24-2199**

_____

Timothy Volpert
OR Bar No. 814074
tim@timvolpertlaw.com
TIM VOLPERT, P.C.
3934 SE Hawthorne Blvd. Suite 343
Portland, OR 97214
(503) 703-9054

Katie Townsend
ktownsend@rcfp.org
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300

*Counsel for Media Intervenors-Appellees*

Non-party media organizations and intervenors-appellees Insider, Inc. *d/b/a Business Insider*, Advance Local Media LLC *d/b/a Oregonian Media Group* ("*The Oregonian*") and American City Business Journals, Inc. *d/b/a Portland Business Journal* (collectively, "Media Intervenors" or "Media Intervenors-Appellees") respectfully submit this opposition to the Motion to Consolidate Oral Argument on Related Appeals filed by Defendant-Appellant Nike, Inc. ("Nike") on June 27, 2024, Dkt. No. 74 (hereinafter, the "Motion to Consolidate" or "Mot.").[1]

## **INTRODUCTION**

Nike's Motion to Consolidate is simply another transparent attempt to delay the Court's resolution of Nike's (fully briefed) appeal of a District Court order unsealing certain judicial records, 1-ER-002 (hereinafter, the "Unsealing Order"). Because the Unsealing Order has been stayed pending resolution of the above-captioned appeal, Dkt. No. 12, those judicial records will remain sealed until the Court rules. And, satisfied with that status quo, Nike seeks to delay that ruling by asking the Court to consolidate oral argument on this appeal with any later oral argument on Nike's more recently filed appeal (No. 24-2199) from a District Court order denying Nike's request that it restrain one of the Media Intervenors—*The Oregonian*—from publishing information related to the underlying litigation that

---

[1] All Electronic Case File (ECF) citations refer to the District Court docket in this case. All Docket (Dkt.) citations refer to the Ninth Circuit docket in this appeal (No. 24-165). Filings in Nike's later-filed appeal are labeled as Appeal No. 24-2199, Dkt. No. __.

was obtained by one of its reporters. ECF Nos. 431, 458 (hereinafter, the "Prior Restraint Denial Order"). Nike's opening brief in its later-filed appeal is not due until August 2, 2024. Appeal No. 24-2199, Dkt. No. 28.

Contrary to Nike's arguments, neither judicial economy nor efficiency would be served by consolidating these separate, interlocutory appeals for oral argument. Far from involving overlapping legal issues, the appeals turn on wholly different facts, legal standards, and case law; there is nothing to be saved (by either the parties or the Court) by consolidating them for oral argument. Moreover, because it would inevitably and unnecessarily delay resolution of this appeal, consolidation would prejudice both the public and Media Intervenors—who, with the exception of *The Oregonian*, are not parties to Nike's later-filed appeal (No. 24-2199). For the reasons herein, Nike's Motion to Consolidate should be denied.

## I. The appeals do not present overlapping legal issues; neither efficiency nor judicial economy would be served by consolidation.

Claiming a purported interest in promoting judicial economy and efficiency, Mot. at 2–3, Nike asserts that consolidating oral argument on the above-captioned appeal (No. 24-165) with oral argument on Nike's later-filed appeal (No. 24-2199) will "save the Court and the parties' resources," *id.* That is so—Nike claims— because the two appeals purportedly "involve related issues that should be heard and resolved together." *Id*. at 3. But even Nike's *own* description of the two appeals belies that claim. *See id*. (describing the "core question" in this appeal as

whether "certain documents" filed in the District Court should be unsealed and "the question" in Nike's later-filed appeal as "whether the District Court erred in denying remedies against" *The Oregonian* after one of its reporters, who was engaged in newsgathering, received materials related to the underlying case). And a review of the parties' merits briefing in this appeal, Dkt. No. 23; Dkt. No. 29, and the parties' briefing on Nike's emergency motion for an injunction pending its appeal of the Prior Restraint Denial Order, Appeal No. 24-2199, Dkt. No. 3; Dkt. No. 12,[2] removes any doubt that these two interlocutory appeals are "related" only in the sense that they arise out of the same underlying case in the District Court; they do not raise the same issues or involve the same events. *See* Cir. R. 28-2.6 (requirements for statement of related cases).

Simply put, whether the District Court abused its discretion in ordering certain judicial records unsealed in accordance with the public's presumptive right of access to judicial records guaranteed by the First Amendment and common law (the question presented in this appeal) and whether the District Court erred in refusing to enter a prior restraint or impose other 'remedies' against a news organization for its newsgathering (the question presented in Nike's later-filed

---

[2]     This Court denied Nike's emergency motion for an injunction pending appeal, Appeal No. 24-2199, Dkt. No. 14, as well as Nike's Petition for Rehearing En Banc challenging that denial, Appeal No. 24-2199, Dkt. Nos. 16, 23. This Court also denied a Motion for Contempt Sanctions directed at *The Oregonian* in the above-captioned appeal that was predicated on the same allegations and arguments. Dkt. No. 57.

appeal) are very different questions that turn on different legal standards and different case law. These differences are not, as Nike blithely suggests, mere "nuances of the arguments and appellate standards" that can be "set[] aside" to conclude that the issues presented in these appeals are "similar enough." Mot. at 2–3.

For this reason, assuming, *arguendo*, that the Court finds oral argument in both appeals necessary,[3] consolidation will not save judicial or party resources. Because the appeals are (or will be) separately briefed and do not present overlapping legal issues, few (if any) judicial resources will be saved by consolidation at this stage. With respect to party resources, this appeal has been fully briefed already, and only one of the Media Intervenors—*The Oregonian*—is a party to both appeals, and it is represented by separate counsel in each.[4] With little

---

[3]    Nike's Motion to Consolidate presumes the Court will find oral argument necessary to resolve both appeals. *See* Mot. at 2 n.2. The Court may, however, dispense with oral argument if "a panel of three judges who have examined the briefs and record unanimously agrees that oral argument is unnecessary" because the "appeal is frivolous," "the dispositive issue or issues have been authoritatively decided," or "the facts and legal arguments are adequately presented in the briefs and record . . . ." *See* Fed. R. App. P. 34(a)(2).

[4]    The undersigned represents Media Intervenors-Appellees in the above-captioned appeal. *The Oregonian* is represented by attorneys with the law firm of Barran Liebman LLP ("Barran Liebman") in Nike's later-filed appeal (No. 24-2199). *The Oregonian*'s separate counsel at Barran Liebman made a limited appearance in the above-captioned appeal, *see* Dkt. No. 39, for the purpose of opposing Nike's Motion for Contempt Sanctions against *The Oregonian*, Dkt. No. 33. Nike's Motion for Contempt Sanctions was denied by this Court on June 4, 2024. Dkt. No. 57.

in the way of efficiency or judicial economy to be gained, Nike's request that these appeals "be heard and resolved together," Mot. at 3, should be denied.

## II. Consolidation will necessarily delay resolution of the above-captioned appeal and prejudice Media Intervenors.

Nike claims without elaboration that "consolidating the appeals for the purposes of oral argument would not pose any undue hardship to the parties." Mot. at 4. Nike is wrong. As discussed above, and argued extensively in prior briefing to this Court, Media Intervenors have a presumptive right of contemporaneous access to the judicial records that are the subject of the Unsealing Order; accordingly, they have a powerful interest in a prompt resolution of Nike's above-captioned appeal. *See* Dkt. No. 29; *see also* Dkt. No. 15 at 6. If granted, Nike's Motion to Consolidate will delay any oral argument in this appeal until, at least, briefing is complete in Nike's later-filed appeal, which will in turn delay resolution of this appeal. Such delay would be prejudicial to the interests of Media Intervenors and the public. Dkt. No. 15 at 7.

Nike has repeatedly attempted to use Plaintiffs' counsel's inadvertent disclosure of materials to a reporter for *The Oregonian*—the focus of Nike's later-filed appeal (No. 24-2199)—as a basis to forestall a resolution of this appeal. One day after it learned of that inadvertent disclosure, it filed a procedurally improper motion requesting a 90-day extension to file its opening brief on the ground that "the circumstances in which the briefing occurs may change." Dkt. No. 14; *see*

7

Cir. R. 31-2.2 (providing for streamlined requests for extensions of time of up to 30 days). After the Court denied that motion (but granted Nike a 30-day extension of time to file its opening brief), Dkt. No. 19, Nike moved again for an additional 30-day extension of time, again citing Plaintiffs' counsel's inadvertent disclosure to an *Oregonian* reporter, Dkt. No. 20. After the above-captioned appeal was fully briefed, Nike sought a streamlined 30-day extension of time to file its opening brief in its later-filed appeal, Appeal No. 24-2199, Dkt. No. 27. And, three days after the Court granted that request and extended Nike's deadline to file its opening brief to August 2, 2024, Appeal No. 24-2199, Dkt. No. 28, Nike filed the instant Motion to Consolidate, requesting that oral argument in the above-captioned appeal be postponed so that the two appeals can "be heard and resolved together," Mot. at 3.

In sum, Nike sought and obtained a stay of the Unsealing Order pending a resolution of this appeal and, since then, has repeatedly sought to forestall resolution of this appeal. Nike's Motion to Consolidate is simply its latest effort to do so. Because delay is prejudicial to the interests of Media Intervenors and the public, the Motion to Consolidate should be denied.

## CONCLUSION

For the foregoing reasons, Media Intervenors-Appellees respectfully request that Nike's Motion to Consolidate be denied.

Date: July 8, 2024

*/s/ Katie Townsend*
Katie Townsend
ktownsend@rcfp.org
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300

Timothy Volpert
tim@timvolpertlaw.com
TIM VOLPERT, P.C.
3934 SE Hawthorne Blvd. Suite 343
Portland, OR 97214
(503) 703-9054

*Counsel for Media Intervenors-Appellees*

## CERTIFICATE OF COMPLIANCE

I certify that this Opposition to Defendant-Appellant's Motion to Consolidate Oral Argument on Appeals 24-165 and 24-2199 complies with the length limitation of Ninth Circuit Rule 27-1(1)(d) because it does not exceed 20 pages.

This Opposition complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1) because it has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman in 14-point font.

Date: July 8, 2024

<div style="margin-left:40%">

*/s/ Katie Townsend*
Katie Townsend
ktownsend@rcfp.org
REPORTERS COMMITTEE FOR
   FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300

Timothy Volpert
tim@timvolpertlaw.com
TIM VOLPERT, P.C.
3934 SE Hawthorne Blvd. Suite 343
Portland, OR 97214
(503) 703-9054

*Counsel for Media Intervenors-
Appellees*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Date: July 8, 2024

*/s/ Katie Townsend*
Katie Townsend
ktownsend@rcfp.org
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300

Timothy Volpert
tim@timvolpertlaw.com
TIM VOLPERT, P.C.
3934 SE Hawthorne Blvd. Suite 343
Portland, OR 97214
(503) 703-9054

*Counsel for Media Intervenors-Appellees*

11