**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELLY CAHILL, et al., | No. 24-165 |
| Plaintiffs – Appellees, | D.C. No. 3:18-cv-01477-JR |
| v. | |
| NON-PARTY MEDIA ORGANIZATIONS INSIDER INC. d/b/a BUSINESS INSIDER; ADVANCE LOCAL MEDIA LLC d/b/a/ OREGONIAN MEDIA GROUP; and AMERICAN CITY BUSINESS JOURNAL, INC. d/b/a PORTLAND BUSINESS JOURNAL, | MEMORANDUM* |
| Intervenors – Appellees, | |
| and | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant – Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Senior District Judge, Presiding

Argued and Submitted February 12, 2025
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: VANDYKE and JOHNSTONE, Circuit Judges, and CHRISTENSEN, District Judge.[**]

Defendant Nike, Inc. ("Nike") appeals from the district court's order unsealing certain documents that were attached as exhibits to Plaintiffs' motion for class certification in a gender discrimination lawsuit. The district court concluded that the privacy interests of non-parties did not outweigh the public's right of access to these judicial records, and it therefore unsealed the documents.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[2]

We review de novo whether the district court applied the correct legal standard when unsealing judicial records that potentially implicate the privacy rights of non-parties. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). The district court's application of that legal standard is reviewed for an abuse of discretion. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "[T]here is no abuse of discretion unless" the district court's "findings of fact, and its application of those findings of fact to the correct legal standard, are illogical, implausible, or without support in inferences that may be

---

[**] The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

[1] Because the district court adopted the magistrate judge's findings and recommendations, we refer to all orders as the district court's.

[2] Because the district court did not err by unsealing the judicial records, Nike's motions to seal (Dkts. 25, 47, 48) are **DENIED**.

2

drawn from facts in the record." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011).

      1.      The district court properly applied the compelling reasons standard rather than the good cause standard when determining whether to unseal the materials attached to the class certification motion. There is a strong presumption in favor of public access to judicial records. *Phillips*, 307 F.3d at 1212–13. The party who seeks to seal a document "bears the burden of overcoming this strong presumption." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Our earlier case law "sometimes deployed the terms 'dispositive' and 'non-dispositive'" when "deciding what test to apply." *Id.* at 1097. But we have since clarified that "dispositive" means a pretrial filing that is "more than tangentially related to the underlying cause of action" or, put the other way, that a pretrial filing is "non-dispositive" when it is "unrelated to the merits of a case." *Id.* at 1097–99. When a filing falls within the "dispositive" category, the compelling reasons standard applies. *Id.* "[A] party need only satisfy the less exacting 'good cause' standard" when there are "sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* at 1097; *see also* Fed. R. Civ. P. 26(c).

      Considering the substance of the class certification motion here, the district court correctly concluded that the compelling reasons standard applied. Class certification motions may not be dispositive as a technical matter, but they may still

3

be tangentially related to the merits. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (recognizing that the class certification analysis "[f]requently ... overlap[s] with the merits of the ... underlying claim"). Such is the case here given the overlap between the class certification issue and the merits of Plaintiffs' lawsuit. The sealed materials at issue "formed a crucial part of" Plaintiffs' class certification motion. Whether women were discriminated against and harassed related not only to the commonality arguments in support of class certification, but also to the merits of the claims. Both issues concerned the same alleged discriminatory behavior and adverse employment decisions. Because the material in the class certification motion is more than tangentially related to the merits, the compelling reasons standard applies.

      2.    Applying the compelling reasons standard, the district court did not abuse its discretion by finding that the alleged privacy interests of non-parties failed to justify continued sealing. A court "must ... 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret,'" and the court "may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Chrysler*, at 1096–97 (alterations in original) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). "[B]road, conclusory allegations of potential harm" are an insufficient justification for

4

unsealing or redacting judicial records. *Foltz*, 331 F.3d at 1130–31 (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Nike argues that disclosing the names of its employees would compromise non-party privacy interests. But Nike raised only generalized assertions of this purported harm. Nike failed to supply any corroborating evidence or concrete examples to demonstrate how the unsealing of records could implicate non-parties' "reputations and personal/professional interests" or how non-parties could be "exposed to ridicule, embarrassment, and/or harassment." While there are certainly circumstances in which non-party privacy interests warrant sealing, "[s]imply mentioning a general category of privilege, … without any further elaboration or any specific linkage with the documents, does not satisfy the burden" for unsealing. *Kamakana*, 447 F.3d at 1184. Balancing these competing interests, the district court permissibly concluded that the purported harm to non-parties lacked sufficient support to outweigh the public's strong interest in disclosure. Because this conclusion was not "illogical, implausible, or without support," *Las Vegas Sands*, 632 F.3d at 532, the district court did not abuse its discretion.

**AFFIRMED**.

5